Seda v. Huble.

SEDA *et al.* v. HUBLE *et al.*

Will: BEQUEST IN TRUST FOR UNINCORPORATED CHURCH : CONDITIONS : VALIDITY. A testator devised a certain sum to certain persons in trust for the benefit of the Catholic church on his farm, and directed that they or their successors should invest said money safely for the benefit of said church, and that services should be held in said church for his soul yearly. *Held—*

(1) That the bequest was for a charitable use, clearly defined.

(2) That the title to the money vested in the trustees, and it was immaterial that the beneficiary church was not, and could not be, incorporated.

(3) That the bequest was not invalid on the ground that there was no one to call the trustees to account for a misuse of the fund.

(4) That it was not invalid because the testator conditioned it upon services being held yearly for his soul ; that paragraph of the will being simply a request rather than a condition.

*Appeal from Tama District Court.*—HON. L. G. KINNE, Judge.

FILED, OCTOBER 9, 1888.

ACTION in equity. The facts are stated in the opinion·

*W. H. Stivers* and *F. J. Horak*, for appellants.

*Struble & Stiger* and *Caldwell & Drahos*, for appellees.

SEEVERS, C. J.—It is stated in the petition that Albert Patranek died in 1881, and that his last will had been duly admitted to probate; that the plaintiffs are the heirs of the deceased, and that the estate has been fully settled except as to the following bequest made in said will; that is to say: "I hereby give, devise and bequeath to Franz Sevcik and Fred Huble, in trust for the benefit of the Catholic church on my farm in Tama county, the sum of eight hundred dollars, and hereby direct that they or their successors shall invest said money safely for the benefit of said church, and that service be held in said church for my soul yearly." The plaintiffs claim in the petition that the bequest is void because the same is not for a charitable use; the church mentioned in the devise has no legal existence and is not incorporated, and cannot be, under the rules of the Catholic church and the statutes of this state. There was a demurrer to the petition, which being sustained, the plaintiffs appeal.

The devise is to Franz Sevcik and Fred Huble, in trust for the benefit of a specified Catholic church. The parties named were to safely invest the money for the benefit of such church. This bequest, in our opinion, was for a charitable use, which was clearly identified. The intention of the testator is clearly expressed. There cannot be any doubt or uncertainty about it. Why should it not be upheld and carried into effect? Because, it is said, the church indicated has no legal existence. This we understand to mean that it has not been incorporated; but clearly this is not material. The legal title to the money is in the persons named, coupled, however, with a trust. The beneficiary named is the "Catholic church on my farm, in Tama county, Iowa." Such church, or those who worship in the church edifice, are entitled to the benefits of the bequest. It clearly is not essential that such body of persons should be incorporated. It was so held in *Johnson v. Mayne*, 4 Iowa, 180.

Nor is it material, if true, as counsel contend, that the Catholic church is prohibited from taking or "holding any property whatever;" because the money is not

devised to the church, but to the parties named in the will. They take the money coupled with a beneficial interest, but in trust, to invest the same safely for the benefit of the church. They therefore are legatees charged by the testator with the duty of executing a charitable use and the benevolent purpose of the testator. *Perry v. Drury*, 56 Iowa, 60.

Possibly the trustees may misuse the fund devised to them. Who is to call them to account? is asked by counsel. In reply it is sufficient to say that "it is the settled doctrine of the courts, in the construction of wills and the administration of trusts, that a trust shall never be permitted to fail through the failure or disability of the trustee to execute the trust, but shall be supported upon the intention of the testator; that the trust is attached to and fastened to the land, and that the land remains chargeable with it in the hands of the heirs or devisees." *Johnson v. Mayne*, 4 Iowa, 195; *Miller v. Chittenden*, 4 Iowa, 252.

It is said the devise is void because the testator made it upon the condition that services were to be held yearly in said church for the soul of the testator. We do not understand that the bequest is based on such condition. That the testator desired that such services should be held, may be conceded; but that it was his intention that, if they were not, the bequest was to cease or not take effect, we do not believe. The devise took effect at once, and attached to the money. The trustees could enforce the trust. They could maintain the action for the recovery of the money, and the trust attached thereto in their hands. It became their duty to invest it as directed. The trust was then, it can be fairly said, executed, and in no respect was it conditional on the performance of the yearly services named, and such was not the intention of the testator.

To our minds the bequest is so clearly expressed, the trust so certainly established, and the beneficiary so clearly indicated, that it is unnecessary to support the foregoing view by a citation of authorities to any greater extent than has been done.    AFFIRMED.