## *In re* ESTATE OF PETRANEK.

**Wills:** LEGATEES CHARGED WITH TRUSTS: REMOVAL BY COURT. Persons to whom money is bequeathed, but who are charged with the duty to use it for the benefit of others, are, considered in their relation to the testator and the will, legatees, but considered in their relation to the beneficiaries of the property, they are trustees, and, as such, upon their refusal to act, they may be removed by the court, and others appointed in their stead, to the end that the trust fail not; and the persons so appointed may demand and collect the money of the executor. (Compare *Perry v. Drury*, 56 Iowa, 60, and *Seda v. Huble*, 75 Iowa, 429.)

*Appeal from Tama District Court.*—HON. L. G. KINNE, Judge.

FILED, FEBRUARY 7, 1890.

PETITION in probate to compel payment of a legacy. In the last will and testament of Albert Petranek, deceased, it is provided among other things as follows: "I hereby give, devise and bequeath to Franz Sevcik and Fred. Huble, in trust for the benefit of the Catholic church on my farm in Tama county, Iowa, the sum of eight hundred dollars, and hereby direct that they or their successors shall invest said money safely for the benefit of said church, and that services be held in said church for my soul yearly." Vencel Ulch, Joseph Sebesta and Michael Silhonek, members and trustees of said church, filed their petition in the district court of Tama county against said Franz Sevcik and Fred. Huble, alleging that they declined to accept said money, and execute said trust, but desired to be excused therefrom, and were willing and anxious that the court should appoint the petitioners in their stead, to carry out said provisions of the will. Sevcik and Huble made default and, on October 4, 1887, a decree was entered " that the issues are found for the plaintiffs, and decree as prayed for in said petition. Vencel Ulch, Joseph Sebesta and

Michael Silhonek are appointed trustees of the fund, and Franz Sevcik and Fred. Huble removed thereby." On October 14, 1887, said. Ulch, Sebesta and Silhonek filed their petition herein, . asking an order upon the executor to pay them said legacy. J. J. Mosnat, executor, answers, denying that the district court had jurisdiction to remove said Sevcik and Huble, or to appoint these petitioners, and that, upon the petition of the heirs of the deceased to set aside said bequest as void, it was decided by the supreme court (75 Iowa, 429) that said Sevcik and Huble were legatees, and that the legal title to said money was in them. The matter was submitted to the court, and an order made upon the executor to pay over the legacy, eight hundred dollars, to the petitioners, within thirty days, and that the executor pay the costs, to which executor excepts, and from which order he appeals.

*W. H. Stivers* and *J. J. Mosnat*, for appellant.

*Caldwell & Drahas* and *Struble & Stiger*, for appellees.

GIVEN, J.—I. The only question presented in argument is whether the district court had authority to remove Huble and Sevcik, and appoint the petitioners. Appellant's contention is that Huble and Sevcik are not trustees, but legatees, and therefore the court had no authority to remove them, nor to designate others to occupy their place, under the will. In *Perry v. Drury*, 56 Iowa, 60, the will under notice contained bequests to the "trustees of funds and donations for the diocese of Iowa," and to the "bishop of the diocese of Iowa," in which it is expressed as being "in trust" for purposes named. In the bequest to the board of missions it is directed that "the said sum shall be invested by the board, and the interest accruing therefrom each year shall be applied by the said board in the support of missions in the diocese of Iowa." These trustees, board and bishop petitioned the court for an order on

the executors to pay the legacies. The prayer of the petition was denied, and an order entered requiring the plaintiffs to execute bonds as prescribed by Code, section 2350, which provides that "trustees appointed by will or by the court must qualify and give bonds the same as executors, and shall be subject to control or removal by the court in the same manner." From this order the plaintiffs appealed, claiming that they were not trustees, but legatees under the will; thus presenting the identical question that is now urged.

It will be seen, from what we have stated, that the bequests in that will and in this are identical, so far as it affects the relations of the persons named in the wills. In that case the court says : " Two classes of persons may take personal property under a will. The first class includes those who take property to hold for a determinate period, and at the expiration thereof it is to be transferred to the beneficiaries under the will. Such persons are in no sense legatees. They are merely trustees. The other class includes those to whom personal property is bequeathed, and who are charged with certain trust duties in respect thereto. They are, in fact, legatees charged with executing the benevolent or other purposes of the testator. Considered in their relations to the testator and the will, they are legatees. Regarded in their relations to the beneficiaries of the property which they take under the will, they are charged with trust duties. But they cannot be called trustees without words of qualification. They take the property as legatees, and in their relations to the will, and in the settlement of the estate, are known and designated as such. The plaintiffs belong to the second class above designated, and in the proceedings relating to the estate in the probate court are to be regarded and designated as 'legatees,' and not as 'trustees.' They do not, therefore, come within the provisions of Code, section 2350."

It cannot be questioned but that under said section 2350 the courts have power to remove trustees appointed

in wills, for sufficient cause, and to appoint others to administer the trust; but, clearly, no such power can be exercised as to legatees. To do so would put the court in the place of the testator. *Seda v. Huble*, 75 Iowa, 429, was an action by the heirs of this testator to declare this bequest void upon the grounds, among others, that the church named had no legal existence, and that the church is prohibited from holding or taking any property. This court held that "the legal title to the money is in the persons named, coupled, however, with the trust;" and that it was immaterial whether the church is prohibited from holding property or not, because the money is not devised to the church, but to the parties named in the will. It follows from these cases that Frank Sevcik and Fred. Huble were legatees, charged with the trust of carrying out the purposes of the testator with respect to the money bequeathed. While they were legatees in such sense as to be exempt from giving bond, yet, in view of the power and duty of courts of equity to see that such trusts are fully and faithfully carried out, and that they do not fail for want of a trustee to execute them, our conclusion is that Sevcik and Huble were in such sense trustees that upon their refusing to act, or for other good cause, the court might properly appoint others to execute the trust. It is contended that, as there was a qualified and acting executor, and the estate unsettled, there was no necessity for appointing trustees. It is a sufficient answer to say that the executor had no power over this bequest beyond paying it to the persons authorized to receive it. The order of the district court is AFFIRMED.