GEORGE C. WOOD, Trustee *vs.* TRUSTEES OF THE FOURTH BAPTIST CHURCH *et. al.*

PROVIDENCE—JANUARY 11, 1905.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1) *Wills. Charitable Trusts. Incompetent Trustee.*

Testamentary devise: " I give and devise all the residue of my estate both real and personal in trust for the sole and separate use of my daughter X. independent of her husband—and at the death of my daughter my will is that the balance of said trust fund shall be turned over to the Committee of the Fourth Baptist Church of this city of which I am a member, in trust; to be kept as a fund, the income of which shall be used for the benefit of the said Fourth Church and in their discretion for the advancement of the cause of religion in the regular Baptist denomination."

It appeared that testatrix was a member of said Fourth Baptist Church, which had existed for a long time as a voluntary society whose purpose was the advancement of the cause of religion in the regular Baptist denomination, and that the society under its rules and by-laws elected annually a standing committee, which committee was in existence at the time of the making of the will and also at death of testatrix:—

*Held*, that the will showed by plain terms both the creation of a charitable trust and its purposes, since a gift for the benefit of a particular Christian church and for the advancement of religion are both charitable.

*Held*, further, that the " Fourth Baptist Church," having been in continuous existence prior to and since the decease of testatrix, was entitled to the use and benefit of the trust estate.

*Held*, further, that the committee of the church, being an unincorporated body of fluctuating membership, was not the proper body to act as trustee; but as equity will not permit an otherwise valid charitable trust to fail for want of a competent trustee, the court would appoint a trustee.

BILL IN EQUITY for instructions. Heard on bill, answers, and proof.

TILLINGHAST, C. J.   This is a bill for instructions as to the disposition of certain trust property now in the possession of the complainant as trustee, under and by virtue of the will of Harriot O. Baker.

Said Harriot died on November 26, 1876, leaving a last will and testament dated June 28, 1875, which was duly admitted to probate on December 26, 1876.   Under said will the testatrix, after providing for the payment of all her just debts and funeral expenses, including the expense of erecting gravestones, etc., in the family burial lot in the North Burial Ground in Providence, and after making a specific devise and bequest to her daughter Harriet S. Olmstead, disposed of the remainder of her property and estate as follows:

"3d.   I give and devise all the rest and residue of my estate both real and personal after the payment of the debts and expenses therefrom as mentioned in the first clause of this my will, in Trust to the trustee hereinafter named for the sole and separate use of my said daughter Harriet, independent of her husband, my said daughter Harriet to have all of the income of said trust fund to her own use forever and as much of the principal thereof as she may require.   And I do hereby authorize, empower and direct the said trustee hereinafter named as aforesaid and his successors by and with the advice and consent of my said daughter Harriet, to collect, sell, invest and reinvest said trust fund as may seem to them most advantageous, and at the death of my said daughter Harriet in case she survives me, my will is that the balance of said trust fund, if any there be, shall be turned over to the Committee of the Fourth Baptist Church of this City, of which I am a member, In Trust—to be kept as a fund, the income of which shall be used for the benefit of the said Fourth Church, and in their discretion for the advancement of the cause of religion in the Regular Baptist Denomination, and the trustee acting for my said daughter at that time to be discharged therefrom."

The bill sets out that the requirements of the first and second

clauses of said will have been carried out; that said Harriot O. Baker was the widow of one Elisha W. Baker, formerly· of Providence, R. I., who deceased June 8, 1873, in the lifetime of said Harriot, and that she never remarried; that the only child of said marriage was Harriet S. Olmstead, aforenamed, and that she deceased on January 17, 1904, never having had any children, and that the persons who would have been the heirs at law of said Harriot O. Baker, at the time said will was admitted to probate, would have been (but for said Harriet S. Olmstead) her two brothers, viz., George W. Sheldon, of said Providence, who deceased March 27, 1889, and James E. Sheldon, of Boston, Mass., who deceased on the fifth day of February, 1878; that this complainant has been appointed a trustee under said will, in compliance with the terms thereof as to filling vacancies under the same, by a decree of the Municipal Court of said city of Providence, and that he has for several years discharged the duty of trustee under said will and is now the only trustee thereunder, and now has in his hands and possession, as such trustee, a considerable amount of personal property, consisting of shares of the capital stock of various banks and other corporations, and also certain parcels of real estate with the buildings and improvements thereon situated in said Providence:

The bill then proceeds at length to set out that various charters have been granted by the General Assembly relating to said church, as follows, viz.: One in October, 1820, creating a corporation under the name of "Fourth Baptist Society in Providence;" one in January, 1875, creating a corporation under the name of "The Fourth Baptist Church in Providence;" and one in 1879, under the name of "Trustees of the Fourth Baptist Church in Providence." And that the first two of said charters were subsequently materially amended.

The bill also alleges that at the date of the execution of said will, and at the time of the death of testatrix, there was no corporation existing under either the act of October, 1820, because that had been repealed, or under that of 1875, because no corporation had been organized under it; and that no corporation can now be organized, under the act of 1875, that,

shall have any right to receive the property in question; that the complainant is informed and believes that proceedings were taken to organize a corporation under said last-named charter, and that said corporation is now in control of and managing a place of worship and carrying on religious work in the city of Providence. But whether the same has been technically and completely organized, and whether it has received any conveyance of, or has any title to, the property that was held by the corporation created in 1820 the complainant is not informed, and leaves the same to be proved as the court may require.

The complainant further represents that said George W. Sheldon died intestate, and administration was granted upon his estate by the Municipal Court of Providence, and the administrators settled their account in said court June 28, 1892, and that no appeal was taken from the decree therein, and that the only heirs at law of said George W. Sheldon are his two children, viz., Susan A. Wood and Sarah T. Harrison, both of Providence, they being two of the respondents in this cause; that the said James E. Sheldon hereinbefore referred to died intestate, and administration was granted upon his estate, and all debts and claims against the same have been paid and satisfied, and that his only heirs at law are Delia A. Potter and Hattie M. Wardner, two of the respondents in this cause.

The complainant, therefore, avers and alleges that he is uncertain to whom to account as trustee under said will, and uncertain to whom to deliver and transfer said property, and he therefore prays for advice and direction in the premises.

To this bill the respondent, Trustees of the Fourth Baptist Church in Providence, has filed an answer in which it admits most of the allegations contained in the bill relating to said corporations, and as to the remainder thereof, together with other allegations contained in the bill, it leaves complainant to prove the same as he may be advised. But as in our view of the case the decision of the question raised does not depend upon the existence of either of the corporations above named at any time, or on the capacity of either of them to take and hold property at any particular time, but simply upon the

question as to whether the testatrix created a charitable use by making said gift in her will, and designated the object thereof with sufficient certainty to enable the court to carry it out, there is no occasion for us to consider said acts of the General Assembly or the doings of the several corporations created thereby. And we will, therefore, only refer to that part of the answer which bears upon the relation which the testatrix sustained to said Fourth Baptist Church, and to the constitution and duties of the committee thereof, viz.:

"Sixth. And this respondent further answering says that the said Harriot O. Baker was at the time of her death a member of the said Fourth Baptist Church and had been such from the 25th day of March, 1829, to the time of her death; that she was deeply interested in said church and was thoroughly acquainted with the work and organization thereof.

. . . That ever since the year 1820, there has existed and been maintained a religious organization known as the Fourth Baptist Church, which organization has been and is a voluntary society, the sole purpose of which has been the advancement of the cause of religion in the regular Baptist denomination; that said Harriot O. Baker was a member of said religious organization from her early youth up to the time of her death and was a regular communicant in the Baptist faith as taught and practiced by said organization known as the Fourth Baptist Church; that said church or religious society has and always had for its guidance and direction in its governmental affairs, certain rules, regulations, and by-laws, and that said rules, regulations and by-laws provide for the election annually of a Committee known as the Standing Committee, which said committee is composed of the Pastor, Deacons, and three other members of the Society; and that said committee was in existence at the time of the making of the will of said Harriot O. Baker and also at the time of her death."

The heirs and next of kin of the testatrix claim to be entitled to the property in question, as intestate estate, on the ground that the gift provided for by the clause of the will above set out is void for uncertainty, or has lapsed because of the in-

capacity of the donee to take the legal title or for want of capacity of beneficiaries to take the beneficial interest.

The case is before us on bill, answer, and proof. And here it may be stated that the facts set out by respondent in that part of its answer above recited are not in dispute; nor, indeed, are any of the material facts in the case, as we view it, in dispute.

We have, then, in brief, the following state of facts upon which to determine the question of title to the property now in the hands of. the complainant as trustee, viz.: 1. The organization and continuous existence of a religious body known as "The Fourth Baptist Church of Providence," from 1820 until the present time. 2. The continuous existence in connection with said church and society of a committee having the general care and oversight of its property and governmental affairs. And 3, a will made by a long-time member of said church in which she gives to the committee thereof, in trust for the use and benefit of said church, and, in their discretion, for the advancement of the cause of religion in the regular Baptist denomination, all of the property aforesaid.

(1)     In view of these facts we are clearly of opinion that said Fourth Baptist Church is entitled to the use and benefit of said property, as the beneficiary under said clause.

The only purpose of the trust is unquestionably a charitable one, and of course it is the plain and imperative duty of the court to so construe the clause creating it as to accomplish that purpose, if this can legally be done; and we see no reason whatever why it can not. Indeed, we think it is the only thing that can properly be· done in the premises.

The argument of counsel for complainant, to the effect that the gift is not valid in law because of the indefinite statement of the·will as to the creation of the trust and as to the uses for which, and the method by which, the income should be applied, does not impress us as being well founded. On the contrary, the will seems to us to be very clear in both of these particulars. It provides "that the balance of said trust fund, if any there.be, shall be turned over to the Committee of the Fourth Baptist Church of this City, of which I am a member, *In Trust*—to be

kept as a fund, the income of which shall be used for the benefit of the said.Fourth Church, and in their discretion for the advancement of. the cause of religion in the Regular Baptist Denomination."

Such language shows both the creation of a trust and the purpose. thereof so plainly as to .render any attempt at construction purely a work of supererogation.

As to the degree of definiteness and certainty required to enable the intent of a testator to be ascertained, see 5 Am. & Eng. Ency. L. 2d ed. 905 *et seq*, and cases cited; *Seda* v. *Huble*, 75 Iowa, 429. The law bearing upon this. question is well stated in Cyc. Law & Procedure, vol. 6, pp. 939–40, where the author says:

"A donation to charity must always be reasonably certain in its material terms; this applies.not only to a clear designation of the class of persons in whose behalf it is created and the nature and quality of their interests, but also to the property donated, and the manner in which the trust is to be performed. When the class has been designated, uncertainty and indefiniteness as to the individuals and numbers to be benefited.are necessary and essential elements to the creation of a valid charitable. trust; and such a trust will not, by the common law, be permitted to fail either for want of a trustee or because its particular purposes are uncertain. The endowment of a certain hospital 'for the support of charity patients' shows a sufficiently definite class of persons to be benefited. A bequest in trust to pay a certain sum as income to the 'proper authorities' of an incorporated church, to assist for the ministry young men of the church to be selected by the pastor and church council, is not void for uncertainty. . . . A charitable institution may take, when capable of identification, though it is only indicated by the descriptive name of a particular charity."

That the will provides for a permanent trust is perfectly evident from its language; for it distinctly states that the property is to be held in trust, and to be kept as a trust fund, and only the income thereof to be used for the purpose specified.

This income is to be used for the benefit of said church, and

in its discretion, or perhaps in the discretion of its committee—
for the language of the will is somewhat ambiguous on this
point—for the advancement of the cause of religion in the
regular Baptist denomination. That these uses are both
charitable admits of no question, as it is well settled that a
gift for the benefit of a particular Christian church, or for the
advancement of religion, is charitable. *Derby* v. *Derby*, 4
R. I. 414; *Potter* v. *Thornton*, 7 R. I. 252; *Kelly* v. *Nichols*, 18
R. I. 62; *St. Peter's Church* v. *Brown*, 21 R. I. 367; *Gladding*
v. *St. Matthew's Church*, 25 R. I. 628; *Jackson* v. *Phillips*, 14
Allen, 556.

The intent to benefit the Fourth Baptist Church, as well
argued in the brief of counsel for respondent, is a special
charitable intent; and if it were the only charitable intent
shown in the will, and this church had ceased to exist between
the making of the will and the death of the testatrix, we should
probably be obliged to hold, following the case of *Gladding* v.
*St. Matthew's Church*, *supra*, that the gift had lapsed. But
this is not the only charitable intent shown. And, moreover,
said church has never ceased to exist since its organization, but
is still in full life and vigor. And consequently the intent of
benefiting it can be carried out according to the wishes of the
testatrix.

The intent to advance the cause of religion in the regular
Baptist denomination is a more general charitable intent.

The will provides that the income of the trust fund may be
used for this work in the discretion of the said church, or its
committee, whichever is referred to by the word "their" in the
will. But, whichever was meant, they are both in existence
and capable of exercising their discretion in this matter. So
that this more general charitable intent can also be carried
out in accordance with the wishes of the testator.

We do not think that the trustee named in the will—The
Committee of the Fourth Baptist Church—being an unin-
corporated body of fluctuating membership, even if compe-
tent, is the proper body to act as trustee in this case, especially
in view of the fact that the trust property comprises both real
and personal estate.

In this connection it may be said that whether the trustee named is competent or not is quite immaterial, as equity will not allow an otherwise valid charitable trust to fail for want of a competent trustee, but will appoint one to take the trust property and carry out the charitable intent of the donor. *Derby* v. *Derby, supra; Potter* v. *Thornton, supra; Meeting St. Baptist Society* v. *Hail*, 8 R. I. 234; *Pell* v. *Mercer*, 14 R. I. 412, at 435 and 447; *R. I. Hosp. Trust Co.* v. *Olney, ib.* 449; *Almy* v. *Jones*, 17 R. I. 265; *Wood* v. *Paine*, 66 Fed. Rep. 807; *St. Peter's Church* v. *Brown, supra; Amer. Bible Society* v. *Wetmore*, 17 Conn. 181; *Tappan* v. *Deblois*, 45 Me. 122; *Beall* v. *Fox*, 4 Ga. 404; *Johnson* v. *Mayne*, 4 Iowa, 180. See also Pub. Laws R. I. cap. 680, § 1.[1]

The respondent—Trustees of the Fourth Baptist Church in Providence—is certainly competent to act as trustee under said will, and in our judgment this corporation should be appointed as such trustee.

We instruct the complainant that the trust estate in his hands and possession belongs to the Fourth Baptist Church of Providence as beneficiary under said will for the uses and purposes specified therein.

A decree may therefore be entered to this effect, and the complainant ordered to render an account and to convey the trust property in question to said corporation in trust, to be

---

[1] SECTION 1. Section 1 of chapter 208 of the General Laws is hereby amended so as to read as follows:

"SECTION 1. Wherever no trustee is named in any instrument creating a trust, or the trustee named therein renounces or declines to accept the trusts thereof, or wherever a trustee, either original or substituted and whether appointed by a court or otherwise, is dead, or desires to be discharged from the trusts or powers reposed in or conferred on him, or refuses to act or is incapable of acting therein, then any person interested under such trusts or the surviving or continuing trustees or trustee for the time being, or the personal representatives of the last surviving or continuing trustee, may apply to the supreme court in equity, either by original bill or by petition, and the court may thereupon, after due notice to the parties in interest or to such of them as the court shall adjudge to be necessary parties thereto, appoint some suitable person or persons to be trustee or trustees, or new trustee or trustees, as the case may be under such trusts."

held by it in the manner and for the purposes specified in said will.

*Cooke & Angell,* for complainant.

*Comstock & Gardner and James A. Williams,* for respondent, Trustees of Fourth Baptist Church in Providence.

*Van Slyck & Mumford,* for certain respondents.