H. B. LIGGETT et al., Appellants, v. I. W. ABBOTT et al., Appellees.

**TRUSTS:** Charitable Trusts—Devise for "Upbuilding of School." A devise in trust for the *"upbuilding of the public schools"* of a named school district is not void for uncertainty, and the trust may be executed by building a better schoolhouse for the district than the district could otherwise afford, even though the taxpayers may thereby be benefited. Especially is this true when the trustees are specifically vested with "liberal" discretion in carrying out the trust.

*Appeal from Taylor District Court.*—HOMER A. FULLER, Judge.

DECEMBER 13, 1921.

ACTION for the construction of a will, and to restrain trustees named in the will from an alleged misappropriation of trust funds. The relief sought was denied, and petitioners appeal.—*Affirmed.*

*Jackson & Jackson,* for appellants.

*Flick & Flick,* for appellees.

FAVILLE, J.—Appellants are brothers and sisters of the testator, John F. Liggett. Item 9 of testator's will is as follows:

"All the rest, residue and remainder of my estate, real, personal or mixed, of which I may die seized or possessed, or to which I may be entitled, I direct my executor to convert into cash and turn to the following named persons, as trustees: I. W.

Abbott, R. A. Mason and T. M. Dougherty, for the following purposes, to wit: That of the upbuilding of the public schools of the independent district of New Market, Taylor County, Iowa, and the assisting of poor and deserving children in territory within the limits of said district, in securing an education. Having confidence in my trustees above named, I direct that they be granted liberal discretion in their expenditures and their purposes, and in case of death or refusal to serve, or removal from said district permanently of one of the said trustees, then the remaining two may choose a successor in trust, which selection shall be approved by the judge of the district court of the third judicial district of Iowa.

"Said trustees to have the power to loan said funds on farm lands at interest, should they deem it expedient to do so and use the interest for said purpose."

Assuming to act under the provisions of said Item 9, the trustees named therein (including the duly appointed successor to one who had resigned) had received from the executor of the estate of said testator, in interest-bearing securities and money, the sum of $12,968.23. Prior to the commencement of this action, the said trustees had presented to the district court of Taylor County an application for an order for authority to dispose of said funds. The purpose and intention of the trustees were thus expressed:

"It is the judgment of the undersigned trustees that, owing to the necessity of more adequate school facilities in said district of New Market, that no better disposition can be made of said fund in accord with the intent and will of the testator than to use the same in building a suitable schoolhouse in said New Market, to aid and assist all children in securing an education and of a higher degree than can now be afforded by said district without the aid of such fund or a portion thereof."

An order was granted, as prayed in said application. The appellants were not parties to said proceeding, and subsequently instituted this action to construe said item, and to enjoin such use of said trust funds.

I. Appellants first contend that the use of the trust funds for the purpose of assisting in the erecting of a public school building is wholly unauthorized, under the provisions of said item

of said will, and is a misapplication of the trust funds. The provisions of this item are that the funds are to be used for "the upbuilding of the public schools of the independent district of New Market, Taylor County, and the assisting of poor and deserving children in territory within the limits of said district in securing an education." Is the use of said funds in assisting in the building of a public school building in said independent district a misappropriation of said funds?

It is obvious that the purpose of the testator was to vest in his trustees, under the will, a wide discretion in the determination of the manner in which the trust funds should be used. The will expressly recites:

"I direct that they [the trustees] be granted liberal discretion in their expenditures and their purposes."

The funds were to be sued for "the upbuilding of the public schools of the independent district of New Market, Taylor County, Iowa." Under the broad provisions of this will, a very wide discretion was vested in these trustees to use the funds for "the upbuilding" of the public schools of New Market. How should there be such "upbuilding?" The Century Dictionary defines "upbuilding" as "the act or process of building up, in any sense." The "upbuilding of the public schools of New Market" might be promoted in a variety of ways. The providing of better teachers, the establishment of a new course in the curriculum, the purchase of equipment for playgrounds or gymnasium, the providing of facilities for teaching manual training or household economics, the beautifying of buildings or grounds, the furnishing of better sanitation, and many other things, would be for the "upbuilding" of the public schools. The testator did not specify the particular manner in which the funds should be used for the "upbuilding" of the schools. He expressly left this to the determination of the trustees, providing, however, that said trustees should use "liberal discretion" in the matter. The use of the trust funds to aid in the erection of a new building was clearly for the purpose of "upbuilding of the public schools of New Market." Such use came expressly within the powers vested in the trustees, and was a proper and legitimate exercise of the discretion granted the trustees under the terms of the will.

II.   It is contended that this provision of the will is invalid because, under our laws, public school buildings must be erected at public expense and paid for by taxes, and the proposed use of said funds will benefit the taxpayers.   It may well be that the use of the funds to aid in the erection of a school building will not relieve the taxpayers of any burden whatever, for the simple reason that the funds may be used solely for the purpose of building a better building than would otherwise have been built.   In any event, we are confident that the trustees had the power to use the trust funds for the very purpose of aiding in the construction of a school building.

Our statute, Code Supplement, 1913, Section 740, provides that:

"* * * school corporations are authorized to take and hold property, real and personal, derived by gifts and bequests."

See, also, Code Section 2903.

Under our statute, the bequest could properly have been made directly to the school corporation, had the testator seen fit to do so.   Can it be seriously contended that, if the bequest had been so made, the school corporation could not have used the funds to aid in the erection of a school building, because such use would relieve the taxpayers of a burden?   Our statute and our former decisions are conclusive on the question.   The precise question was before us in *Chapman v. Newell*, 146 Iowa 415. In that case, the bequest was to "the permanent school fund of Louisa County, Iowa."   We reviewed and cited the authorities in the opinion in said case, and it is not necessary that we reiterate the pronouncement and the reasons therefor then made.   We have no disposition to depart from the rule upholding the validity of a bequest to promote public interests.   The cited case controls this one.   We hold that the use of the trust funds for the purpose of aiding in the erection of a public school building in the independent school district of New Market was a proper use of said funds, under the terms of the will of the testator.

III.   It is argued that the provision that the funds are to be used for the upbuilding of the public schools "and the assisting of poor and deserving children within the limits of said district in securing an education" is void for uncertainty.   The general object of the bequest is pointed out, and the testator has

fixed the means of designating the specific members of the class to receive his bounty, by the appointment of trustees, with the power of selection vested in them. Such a bequest is sufficiently specific for judicial cognizance, and not void for uncertainty. *Grant v. Saunders,* 121 Iowa 80; *Miller v. Chittenden,* 2 Iowa 315; *Quinn v. Shields,* 62 Iowa 129; *Klumpert v. Vrieland,* 142 Iowa 434; *Phillips v. Harrow,* 93 Iowa 92; *Seda v. Huble,* 75 Iowa 429; *White v. Ditson,* 140 Mass. 351 (4 N. E. 606); *Hoeffer v. Clogan,* 171 Ill. 462 (49 N. E. 527); *Dodge v. Williams,* 46 Wis. 70 (1 N. W. 92); *Bullard v. Chandler,* 149 Mass. 532 (21 N. E. 951).

We are of the opinion that the court properly construed the said Item 9 of testator's will, and the order appealed from is, therefore,—*Affirmed.*

EVANS, C. J., ARTHUR and DE GRAFF, JJ., concur.