This is a bill in equity for the construction of a will. Testimony was taken in the superior court and when *Page 225 
the cause was ready for hearing for the entry of final decree it was certified, under general laws 1938, chapter 545, § 7, to this court for final determination.
It appears from the bill of complaint and from the evidence that Sadie B. Conaty, late of the city of Providence, who died May 5, 1929, left a will dated March 16, 1929, which was duly admitted to probate June 4, 1929. The seventeenth clause of that will is as follows: "To my aunt, Margaret Foley, aforesaid, I give, devise and bequeath for life the house and lot now occupied by me on Cypress street, in said Providence, with remainder over to St. Vincent de Paul's Society of the Holy Name Parish, in said Providence, its successors or assigns forever."
By the twentieth clause of her will the testatrix left all the rest, residue and remainder of her estate of whatever kind and description in equal shares to The Deserving Poor Boys Priesthood Association in New York city and The Rosary Foreign Mission Society of the American Dominican Fathers of Fukien, China, as perpetual memorials to her father and mother. The clause contained the further provision that in case of the termination or dissolution of either or both of the above-named beneficiaries, their respective share or shares was to be given to the Provincial of The Order of Preachers (American Dominican Fathers) St. Joseph's Province.
Margaret Foley, the life tenant named in the seventeenth clause is now dead and a question has been raised in relation to the proper disposition of the house and lot devised under that clause. It is sought to have determined whether the devise in remainder should not be construed as having been actually made to the Church of the Holy Name of Jesus to be used by it for the benefit of the poor of that parish through the agency of the St. Vincent de Paul Society of that church.
The bill is brought by said church and the respondents are the two first-named beneficiaries under the residuary clause of the will, and the attorney general of the state, as *Page 226 
representing the public in connection with a charitable use or trust. These respondents answered the bill by admitting certain allegations thereof and by leaving the complainant to its proof as to the remaining allegations; but they did not file briefs or make any argument against the position taken by the complainant in relation to the above question. In substance, the complainant contends that, in accordance with the intent of the testatrix, the devise in remainder under the seventeenth clause of her will was in fact to the complainant church to be used by it, however, in furtherance of such charitable work as it carried on through the agency of its St. Vincent de Paul Society.
Evidence introduced to help us ascertain the testatrix's true intent, and thus correctly construe her will, shows that this society is a voluntary, unincorporated organization made up of five members of the church who are appointed by the pastor thereof and who serve at his pleasure. The society has no funds except such as are furnished to it by him. Its activities are directed wholly to the assistance of the poor of the complainant church which in that manner and through such subordinate organization carries out that part of its general religious work. It also appears from the evidence that the testatrix, who was a communicant of the said church, was for many years much interested in the work of the society in question and had, during her lifetime, made gifts to the church for the use of that society and its work among the poor of the parish. She had knowledge of the manner in which the society was organized and operated, and her gifts for the use of that society were made to the pastor of the church to be turned over by him to it.
In view of the above facts and circumstances, we are of the opinion that she intended that the devise in remainder of the premises in question, as set out in the seventeenth clause of her will, be to the complainant church, but nevertheless for the use of the subordinate, unincorporated organization within the church, namely, the society. *Page 227 
Further, it is generally held that, in the absence of a contrary intent, a charitable bequest to a subordinate or auxiliary body within a church, through which body the church effectuates in part the general religious purposes for which it was incorporated, is considered to have been intended to be made to the church itself as the main and dominant body for, however, the use specified by the testator. See Wood v. Fourth BaptistChurch, 26 R.I. 594; Hutton v. St. Paul Brotherhood, 20 Del. Ch. 413.
We find, therefore, that under the seventeenth clause of the testatrix's will she devised in remainder, following the death of her aunt, Margaret Foley, the life tenant, the house and lot in question outright and in fee simple to the complainant church, to be used by it, however, solely for the poor of the parish through the agency of the church's subordinate or auxiliary charitable organization known as the St. Vincent de Paul Society.
As the bill before us is solely for the construction of a will, we do not consider it proper for us to answer a further question respecting the premises involved, that question not being related directly to the construction of said instrument.
On July 10, 1944, the parties may present a form of decree in accordance with this opinion.