WILLIAM H. PRITCHARD, executor,[1] *vs.* ATTORNEY GENERAL
& others.[2]

No. 09-P-1221.

Plymouth. February 2, 2010. - August 27, 2010.

Present: CYPHER, BROWN, & RUBIN, JJ.

*Will,* Construction. *Charity.*

In the circumstances of a complaint in equity brought in the Probate and Fam-
ily Court, in which the executor of a will sought instruction regarding the
disposal of real estate contained in a charitable devise in the will, the judge
erred in ruling that the property should pass under the terms of the will's
residuary clause, where, despite the executor's assertions that the beneficiary
was not a legal entity and was therefore unable to take title to the real
estate, the testator's devise of real estate to an unincorporated charitable
association of individuals was valid and enforceable. [495-497]

COMPLAINT filed in the Plymouth Division of the Probate and
Family Court Department on May 29, 2008.

The case was considered by *Catherine P. Sabaitis,* J.

*Jack K. Merrill* for Hadassah, the Women's Zionist Organiza-
tion of America, Inc.

*William H. Pritchard,* pro se.

RUBIN, J. This case involves a charitable devise of real estate
in the will of Gwendolyn G. Wilder. The case was initiated by
William H. Pritchard, the executor of that will, who brought a
complaint in equity requesting instruction from the Plymouth
County Division of the Probate and Family Court Department.
Although the court held no hearing and admitted no evidence,
the parties are in agreement that the decedent's operative last
will and testament conveys the real estate containing her
Brockton home "to that certain charitable institution known as

[1]Of the estate of Gwendolyn G. Wilder.

[2]Linda Cooke, Patricia Cohen, David A. Lowenthal, and Hadassah, the
Women's Zionist Organization of America, Inc.

the BOSTON CHAPTER OF HADASSAH, 2001 Beacon Street, Brighton, Massachusetts 02135." The executor's complaint asserted "that there is no separate identifiable legal entity known by that name" and sought instruction from the court about how to dispose of the property in the devise.

Because there is no evidence in the record, we rely upon the uncontested representations of counsel for both parties in explaining the background of this case. Hadassah, the Women's Zionist Organization of America, Inc. (Hadassah), is a New York not-for-profit charitable corporation registered as such with the Internal Revenue Service.[3] Hadassah builds hospitals and schools around the world. It has chapters throughout the world, including a Boston chapter. The Boston chapter is not separately incorporated but apparently has its own chapter president and an office at 2001 Beacon Street in the Brighton neighborhood of Boston. The Boston chapter apparently undertakes charitable activities and, among other things, previously operated a local thrift shop.

On September 29, 1999, the decedent revised her will, inserting the devise of her residence to the Boston chapter of Hadassah as described above. The will, which again was not in evidence but which was described to the judge by counsel for the executor, has a residuary clause that, because the decedent's cousin and her cousin's husband predeceased her, leaves the remainder of her estate to her cousin's issue.

The will was admitted to probate on May 3, 2007. In the course of administering the decedent's estate, the executor concluded that the Boston chapter of Hadassah was not a legal entity and that it was therefore unable to take title to the real estate. As a consequence, he brought this action, seeking instruction.

The judge below concluded (apparently based on the facts described by counsel) that, "[t]here being no Boston Chapter of Hadassah, and the decedent's charitable intent being specific, the bequest fails." The judge ruled that the property should therefore pass to the issue of the decedent's cousin under the terms of the will's residuary clause.

*Discussion.* In construing a will, our touchstone must always

---

[3]The complaint incorrectly identifies Hadassah as "the Women's Zionist Org. of America."

remain implementation of the will of the testator. *Putnam* v. *Putnam*, 366 Mass. 261, 266 (1974) ("The fundamental object in the construction of a will is to ascertain the testator's intention from the whole instrument . . . and to give effect to that intent unless some positive rule of law forbids"). Accord *Hershman-Tcherepnin* v. *Tcherepnin*, 452 Mass. 77, 84-86 (2008), and cases cited. This task begins with the four corners of the instrument. *Id.* at 84. "While intent is the lodestar of testamentary construction, it cannot be used to displace what a will has said." *Hochberg* v. *Proctor*, 441 Mass. 403, 413 (2004), quoting from *Schena* v. *Pagliuca*, 9 Mass. App. Ct. 449, 452 (1980). Unless a charitable bequest is impossible or impractical to effect as written, a court need not reach the question whether the gift evidences a specific or a general charitable intent. See *Richardson* v. *Mullery*, 200 Mass. 247, 249 (1908) (reaching the issue only where the bequest had "become impossible of execution in the exact way contemplated by the testatrix, and we come to the question whether it must fail altogether, or whether it can be administered *cy pres*"); *Davenport* v. *Attorney Gen.*, 361 Mass. 372, 376 (1972) ("We need not determine whether the residuary trust exhibits a general charitable intent. . . . [T]he trust can still be carried out in accordance with its terms"). See generally 2 Belknap, Newhall's Settlement of Estates and Fiduciary Law in Massachusetts § 33:61, at 447-454 & n.79 (5th ed. 1997).

If the facts are indeed as counsel for both parties have represented, both before the judge below and in this court, the devise of the decedent's residence to the Boston chapter of Hadassah does not fail. Those facts describe the Boston chapter as an unincorporated association of individuals. It has been the law of our Commonwealth at least since *Burbank* v. *Whitney*, 24 Pick. 146, 153 (1839), that bequests to unincorporated charitable associations, such as the one apparently at issue here, are valid and enforceable. "In cases of charitable gifts, it is no objection to their validity, that no person is named, capable of taking the legal interest. If the object can be ascertained, the want of a trustee will be supplied by appointment by a court of equity." *Washburn* v. *Sewall*, 9 Met. 280, 282 (1845) (Shaw, C.J.). If appointment of a trustee is necessary in order to allow the chapter to take title to the property, the court has authority to appoint an appropriate trustee.

The order of the Probate and Family Court therefore must be vacated, and the case remanded to that court for further proceedings. In order to determine the appropriate outcome in this case, that court must hold an evidentiary hearing to, among other things, confirm on the basis of record evidence rather than arguments of counsel the existence of the Boston chapter of Hadassah as an unincorporated association.[4] Assuming the judge finds that the Boston chapter is as has been described by counsel for the parties, the judge will also have to determine the chapter's standard practice with respect to contributions that come into its hands. The decedent's gift to the chapter should be treated in the same way as other contributions to the chapter. In determining whether a trustee must be appointed, and who would be the most suitable trustee, the judge should take into account the manner in which contributions to the local chapter are ordinarily used.[5]

> *Order is vacated and case remanded for further proceedings consistent with opinion of Appeals Court.*

---

[4] If the Boston chapter exists but is not structured as an unincorporated association, the difference in legal structure would not mean the devise must fail.

[5] The executor argued below that he believed it to be the decedent's intent that the proceeds from the property were to be spent in Boston. At argument before us, however, he agreed that the devise was directed to the Boston chapter, and that the decedent's intent was for the property (or proceeds therefrom) to go to the Boston chapter and to be used however contributions to that chapter are ordinarily used. As with many nonprofit corporations, the separate chapters of Hadassah may well operate as part of a single corporation. Proceeds from the property therefore need not necessarily remain in Boston, nor must they necessarily be used for charitable activities in Boston. The text of the will demonstrates that the intent of the testator was that the devise go to the chapter. However gifts to the chapter are treated is how this gift should be treated as well. While we express no opinion on any of the factual issues that will be before the judge on remand, since the judge must determine whether a trustee must be appointed and who would be the most suitable trustee, we note that, as courts of other States have held, "[w]here a gift is made for charitable purposes to an organization which, though it is unincorporated, is a branch or subsidiary of a corporation, the courts have held the gift effective by awarding it to the corporation to be held by it in trust for the purposes of the gift." *Prudential Ins. Co.* v. *New York Guild for the Jewish Blind*, 252 N.Y. App. Div. 493, 495 (1937). See, e.g., *Indiana Masonic Home* v. *Association of Franciscan Sisters of the Sacred Heart*, 142 Ind. App. 443, 451 (1968); *Church of the Holy Name of Jesus* v. *Deserving Poor Boys Priesthood Assn.*, 70 R.I. 224, 226-227 (1944).