## WILLIAM McELROY & others *vs.* MARGARET McELROY.

A., by deed of warranty, with covenants to the "grantee, his heirs and assigns," and in consideration of one dollar paid by B., (his brother,) "trustee of" C., (another brother,) and of "the love and affection" he bore to C., conveyed a parcel of land to B., "it being my intention" "to convey" to B. "in trust for" C.; "to have and to hold to the said grantee, his heirs and assigns, to his and their use and behoof forever." *Held,* that upon the death of C. a trust resulted to the grantor.

BILL IN EQUITY, brought by William, Charles, Barney, Patrick and Sarah McElroy, brothers and sister of James McElroy, deceased, to establish a resulting trust in their favor, as his heirs at law, in five undivided twelfth parts of a parcel of real estate in Merrimac Street, in Boston, against Margaret McElroy, the devisee of the estate under the will of John McElroy, deceased, another brother of James.

The prayer of the bill was, that the defendant be ordered to convey to the complainants their several shares of the estate, and account with them respectively for their share of the income of it which she had or should have received.

At the hearing before *Wells,* J., the following facts were proved or admitted: The whole of the estate was conveyed, in 1843, by one Woodbury, to John and James in fee, as tenants in common. In May, 1848, James conveyed his undivided half of the estate to John, by a deed, the material portion of which was as follows:

" Know all men by these presents, that I, James McElroy, of Boston, in the county of Suffolk, and Commonwealth of Massachusetts, in consideration of one dollar, paid by John McElroy, of said Boston, grocer, trustee of Niel McElroy, minor and alien, now residing in said Boston, (and of the love and affection I bear for my brother, the said Niel,) the receipt whereof is hereby acknowledged, do hereby give, grant, bargain, sell and convey unto the said John McElroy all my right, title and interest in and to the certain parcel of land, with all the buildings thereon, situated in Merrimac Street, in said Boston . . . . it being my intention hereby to convey one undivided half part of the premises, conveyed as aforesaid, by said Woodbury, to said John McElroy, in trust for said Niel McElroy :

" To have and to hold the above granted premises, with all the rights, easements, privileges and appurtenances thereto belonging, to the said grantee, his heirs and assigns, to his and their use and behoof forever.

" And I the said grantor, for myself and my heirs, executors and administrators, do covenant with the said grantee, his heirs and assigns, that I am lawfully seised in fee simple of the aforegranted premises; that they are free from all incumbrances ; that I have good right to sell and convey the same to the said grantee, his heirs and assigns forever, as aforesaid ; and that I will, and my heirs, executors and administrators shall, warrant and defend the same to the said grantee, his heirs and assigns forever, against the lawful claims and demands of all persons."

At the time of the execution and delivery of this deed, John and James were residing together in Boston, and a younger brother, Niel, was living with them. All the complainants were then living in Ireland, but afterwards, with the exception of Patrick, came to this country. James died in Boston, in 1848, soon after the date of the deed, intestate, unmarried, and without issue, leaving as his heirs at law, his brothers, John, Niel, and the complainants. His mother, Catharine McElroy, was also then living, but she died, intestate and without other children, during the lifetime of Niel, to whom John continued to pay over and account for one half the rents and profits of the estate, from the

date of the deed until the latter part of July, 1859, when Niel died intestate, and without issue.

John died July, 1869, leaving a will, which was duly admitted to probate in this county, whereby he devised the estate to the defendant, who claimed title to it as her own property in fee, free and discharged of any trust since the death of Niel.

As the question between the parties depended upon the construction and effect of the deed from James to John ; it was reserved for the consideration of the full court. If, in the opinion of the court, the effect of the deed was to vest in John McElroy the fee of the estate, absolutely and free from any trust, except that of a life interest in Niel McElroy, the bill was to be dismissed. But if, after the death of Niel McElroy, without issue, a trust resulted by implication of law, in favor of James McElroy and his heirs, then a decree was' to be entered in favor of the plaintiffs accordingly.

*S. J. Thomas*, for the plaintiffs.

*J. L. English*, for the defendant.

AMES, J.  Where an estate is conveyed in trust for a particular and temporary purpose, not requiring the whole of the estate, a resulting trust generally arises in favor of the grantor or his heirs at law in the remainder after that purpose is accomplished. *Hill* v. *Bishop of London*, 1 Atk. 618. *King* v. *Denison*, 1 Ves. & B. 260, 279. Story Eq. Jur. § 1196 *a*. The plaintiffs claim that the present case comes within this rule. The conveyance was in trust for Niel McElroy, but without any words of inheritance to extend the trust beyond the term of his life. The word " heirs " can no more be dispensed with, in the grant of an equitable estate in fee, than in an ordinary conveyance at common law. 2 Washburn Real Prop. (3d ed.) 379. The plaintiffs insist that the only purpose of the grantor was to create an equitable life estate for the benefit of Niel McElroy ; and that, as that purpose has been fully accomplished by the termination of that life estate, a resulting trust arises in favor of the grantor's heirs at law, in the remaining estate.

Whether there was such a resulting trust depends upon the intention of the grantor, and for the purpose of determining that

question, it is necessary to look carefully at the language of the deed, with the aid of such light as can lawfully be derived from the circumstances of the case. *Cook* v. *Hutchinson*, 1 Keen, 42. No such trust can result against that intent, or take effect where a contrary intent is indicated 'by the terms of the deed. The question must always be, whether the title was given for a particular purpose, with no intent that the grantee should have any beneficial interest whatever ; or whether the intention was to confer upon him a valuable interest, subject to a particular and temporary charge or incumbrance. Upon this question, the fact that he is described as a trustee is not necessarily decisive. It may be apparent from the context and general interpretation of the whole instrument, that he was intended to be more than a mere trustee, and that the intention was to give him the entire fee of the estate, subject to the charge of a temporary trust for the benefit of another person. *Wood* v. *Cox*, 2 Myl. & Cr. 684.

The deed shows that the consideration for the grant proceeded wholly from Niel McElroy, and that his brother John took no part in it. The love and affection described as part of the consideration were wholly between Niel and the grantor ; and even the nominal consideration of one dollar is described as paid in behalf of Niel. There can be no doubt that the main purpose of the grantor was to make provision for his brother Niel, and we must assume that he made all the provision which he intended to make for his benefit. The deed purports on its face to be an absolute grant of all the grantor's beneficial estate in the land. It then becomes important to consider whether the language of the deed, by necessary legal construction, excludes all claim of the grantor to set up a resulting trust in his own favor, upon the termination or failure of the special trust ; and this question is to be considered in the same manner as if the grantor were now alive, and making this claim in his own person. The grant is to John, without any words of limitation, and the granting clause terminates with the declaration that the grantor intends " hereby " to convey to John in trust for Niel. The habendum and the covenants are to and with " the said grantee, his heirs and assigns ;

but as the consideration proceeds exclusively from Niel, and as the declared intention of the grantor was to convey the premises in trust for Niel, the proper construction of the instrument, taken as a whole, must be the same as if the words " trustee as aforesaid," or some equivalent expression, followed the word " grantee " wherever it occurs in the deed.

The defendant objects to this view of the case on the ground that the habendum is " to the grantee, his heirs and assigns, to his and their use and behoof forever ; " and also that the heirs of the grantor are estopped by his covenants of warranty to claim any resulting trust in the land conveyed. Either of these objections would be insurmountable, if the intention to create a special temporary trust had not been expressed as the purpose of the deed. But words of inheritance were proper for the purpose of meeting the contingency (which at the date of the deed may have seemed probable) that Niel should outlive John. If the deed had been absolute in its form, and an attempt were made to establish a trust in favor of the grantor by mere implication of law, the covenants of warranty would estop the grantor, his heirs and assigns ; and the phrase in the habendum, " to the grantee, his heirs and assigns, to his and their use and behoof forever," would exclude the implication of any other use in favor of the grantor. *Blodgett* v. *Hildreth*, 103 Mass. 484. *Graves* v. *Graves.* 29 N. H. 129. *Philbrook* v. *Delano*, 29 Maine, 410. *Farrington* v. *Barr*, 36 N. H. 86. But in the case of a deed, expressly and exclusively intended to create a trust, the habendum and the covenants, as expressed in this deed, do not necessarily give any beneficial interest to the grantee. We see no ground for supposing that any such interest was intended to be conferred upon the grantee personally in this case.

The cases cited by the defendant's counsel do not appear to us to be in conflict with the views above expressed. In *Benning* v. *Benning*, 14 B. Mon. 585, the question as to a resulting trust arose upon a conveyance in trust, to secure alimony to the vendor's wife. He conveyed " all his right, title and interest," binding himself and his heirs " never to claim the property or any of it, or the profits at any time whatever." It was afterwards

ascertained, that, at the time of the conveyance, he was the ab-solute owner of the property, " in fee," to use the language of the court, instead of having only a life estate as he supposed. Upon the decease of the wife, the court held that there was no resulting trust in favor of the vendor, and that the property should go to the executor of the wife. The decision furnishes no ground for holding that property so conveyed should go to the trustee, or that he should have any beneficial interest in it, in any event. *Judgment for the plaintiffs.*