BASS RIVER SAVINGS BANK *vs.* BESSIE F. NICKERSON &
another.

Barnstable.    February 7, 1939. — June 16, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Deed,* Construction, Remainder, Springing use.    *Words,* "Heirs at law."

The words "heirs at law" and "survivor of them" in a deed of land could
not be construed to mean "children" where there was no evidence as
to the facts and circumstances surrounding the execution of the deed.
No contingent remainder was created in the heirs of the son of a grantor
whose deed in 1883 conveyed real estate to the wife of the son as
long as she remained his wife or widow and at her death or remar-
riage to the "heirs at law of" the son "and to the survivor of them,"
with an habendum to the wife "and the heirs of" the son "to their
own use and behoof forever"; and, where it appeared that at the date
of the deed the son had three children, that afterwards and before the
death of the son's wife one of the children died without issue and another
died leaving a son and a fourth child was born, and that the grantor's
son died after his wife, title vested, by springing use on the death of the
son, in his two surviving children and his grandchild as his heirs.

PETITION for partition, filed in the Probate Court for
the county of Barnstable on June 20, 1938.

A decree was entered, after hearing by *Campbell,* J.,
from which Bessie F. Nickerson appealed.

*C. G. Willard,* for the respondent Nickerson.

*P. M. Swift,* for the petitioner, submitted a brief.

DOLAN, J.    This is an appeal from an interlocutory de-
cree ordering partition and sale of certain real estate.    (See
*Joyce* v. *Dyer,* 189 Mass. 64; *Devine* v. *Deckrow,* 299 Mass.
28.    See also *Bass River Savings Bank* v. *Nickerson,* 302
Mass. 235.    The evidence is not reported but the judge, at
the request of one of the respondents who appealed, made
a report of the material facts found by him.    G. L. (Ter.
Ed.) c. 215, § 11.    See *Birnbaum* v. *Pamoukis,* 301 Mass.
559, 561–562, and cases cited.

The petition alleges that the real estate involved is owned
in undivided shares of one third each, by the petitioner,
Bessie F. Nickerson and Edith R. Nye, as tenants in com-
mon, and that the "common title to said land is derived

under deed of Hiram Loring dated December 24, 1883 recorded with Barnstable County Deeds, Book 154 Page 322." Under this conveyance Hiram Loring, who will be referred to hereinafter as the grantor, conveyed the land in question by warranty deed to "Abbie A. Loring so long as she remains the wife or widow of my son, . . . Hiram D. Loring, and at her decease or remarriage to the heirs-at-law of the said Hiram D. Loring, and to the survivor of them. . . . To have and to hold the granted premises . . . to the said Abbie A. Loring and the heirs of the said Hiram D. Loring to their own use and behoof forever."

At the time of the execution and delivery of the deed Hiram D. Loring, the son of the grantor, was living and had three living children, namely: Bessie F. Nickerson, Hiram C. Loring, who died in 1907, leaving as his only heir a son, Arthur, through whom the petitioner claims, and William P. D. Loring, who died July 3, 1901, "unmarried and childless." In 1884 a daughter, Edith, was born to Hiram D. Loring and his wife, who was then the life tenant. Abbie A. Loring, the life tenant, died December 2, 1931. Her husband, Hiram D., the son of the grantor, died January 5, 1935. He was survived by his two daughters, and his grandson, Arthur B. Loring. The judge found that "The respondents do not attack the validity of the Bank's deed, but rely wholly upon the deed as given by the grantor . . . for their title to the whole [*sic*] of said land." We take this to mean that the "respondents" did not contend that the petitioner did not stand in the place of Arthur in so far as its assertion of title to an undivided share in the property is concerned. The report of the judge concludes thus: "I find the deed as given included more than the children of Hiram D. Loring and that the words 'heirs at law' as used in this deed were intended to have their ordinary meaning to include those persons who would have been his heirs at law if he had died intestate, which would have included a grandson."

The judge entered a decree that partition be made of the land among the petitioner, Bessie F. Nickerson and Edith R. Nye in proportions of one third each, and appointed a

commissioner to "make sale and conveyance of all of said land at public auction for cash, and when sold distribute and pay over the net proceeds of the sale in such a manner as to make the partition just and equal." The respondent Bessie F. Nickerson appealed and now contends that, properly construed, the words "heirs-at-law of the said Hiram D. Loring" mean the children of Hiram D. Loring, and hence that they take title under the deed to the exclusion of his grandson, through whom the petitioner claims. The petitioner on the other hand asserts that the words "heirs-at-law" must be construed in their technical sense, that the grandson of the grantor's son Hiram was one of the latter's heirs "as described in the deed and capable of taking" both at "the death of the life tenant" and at "the death of [his grandfather] Hiram D. Loring." The petitioner also contends in the alternative that, if the grant over to the heirs of the grantor's son and "the survivor of them" was a contingent remainder and failed, and the remainder reverted to the grantor's estate, nevertheless, because Hiram D. Loring was "a son of the grantor" and the petitioner's predecessor in title was one of the three heirs of the son, it would thus have the undivided interest in the land that it claims. In connection with this latter contention of the petitioner it should be observed that the record does not disclose whether the grantor is living or dead, nor, if dead, who his heirs or devisees were.

"A cardinal rule in the interpretation of conveyances is that every deed should be so construed as to give effect to the intent of the parties, unless inconsistent with some rule of law or repugnant to the terms of the grant." *Simonds* v. *Simonds*, 199 Mass. 552, 554. *Webber* v. *Cox*, 256 Mass. 595, 598. *Erickson* v. *Ames*, 264 Mass. 436, 444. *Ames* v. *Chandler*, 265 Mass. 428, 432. *Kaufman* v. *Federal National Bank of Boston*, 287 Mass. 97, 101, and cases cited. The words "heirs-at-law" and the "survivor of them" cannot properly be construed to mean "children," since there is no ambiguity in the words used and nothing is shown as to facts and circumstances surrounding the execution of the deed to support such a construc-

tion. Those words must therefore be given their settled, technical meaning. *Hall* v. *Leonard*, 1 Pick. 27, 30, 31. *Walcott* v. *Robinson*, 214 Mass. 172, 174. *Gilman* v. *Congregational Home Missionary Society*, 276 Mass. 580, 582, 583.

We think that it was not the intent of the grantor to create a contingent remainder in the heirs of his son. The warranty contained in the deed that the grantor for himself and his heirs, executors and administrators "shall warrant and defend the . . . [granted premises] to the said grantee and the heirs of . . . [his son] Hiram D. Loring forever against the lawful claims and demands of all persons," gives evidence that the grantor did not intend to reserve to himself or his heirs or devisees any estate in the land that could operate to defeat that granted to the heirs of his son when they should be ascertained. The deed was one of bargain and sale and adapted to a conveyance to uses. The use to the heirs of the grantor's son was not immediately executed upon the termination of the precedent estate, because the son survived the life tenant. Upon her death the fee was for the time being in the grantor, or his heirs or devisees, but subject to a springing use in favor of the heirs of the grantor's son Hiram, when they should be ascertained. Upon the death of the son the use vested in his heirs, being executed by the statute of uses. See *Simonds* v. *Simonds*, 199 Mass. 552, 556, 557. We think that the case at bar is governed in principle by *Simonds* v. *Simonds*, 199 Mass. 552, even though the facts in that case differ in some respects from those in the present case. (See now G. L. [Ter. Ed.] c. 184, § 3, first enacted in St. 1916, c. 108, §§ 1, 2, the provisions of which will be found in a footnote.*)

The decree entered in the Probate Court is

*Affirmed.*

* "A contingent remainder shall take effect, notwithstanding any determination of the particular estate, in the same manner in which it would have taken effect if it had been an executory devise or a springing or shifting use, and shall, as well as such limitations, be subject to the rule respecting remoteness known as the rule against perpetuities, exclusive of any other supposed rule respecting limitations to successive generations or double possibilities; but this section, except so far as declaratory of existing law, shall apply only to instruments executed on or after April sixth, nineteen hundred and sixteen, and to wills and codicils revived or confirmed by a will or codicil executed on or after said date."