WILLIAM H. HARRISON, trustee, & others[1] vs. ROSAMOND
MARCUS & others.[2]

Barnstable.  September 13, 1985. — December 18, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Trust*, Construction. *Deed*, Construction. *Real Property*, Determinable fee.
*Rule Against Perpetuities. Charity.*

In an instrument conveying title to a parcel of real property, which embodied
both a deed and a declaration of trust, the words "[t]o have and to hold
all and singular the above granted premises unto the said . . . [trustees]
and their successors forever, but in Trust NEVERTHELESS, and to and
for the purposes herein declared" conveyed title to the trustees in fee
simple absolute, and the language following that sentence constituted a
declaration of trust for the benefit of a designated troop of the Boy
Scouts of America, subject to a duty on the part of the trustees to convey
title to the grantor's heirs when the charitable trust terminated; the words
"so long as said Troop . . . shall continue its organization" operated to
fix the duration of the charitable trust, and did not reduce the trustees's
interest to a fee simple determinable, with a possibility of reverter in
the grantor and his heirs. [428-432]

CIVIL ACTION commenced in the Land Court Department
on December 28, 1982.

The case was heard by *Marilyn M. Sullivan*, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Thomas C. Paquin* for the plaintiffs.

*Thomas I. Elkind* (*Nicholas C. Theodorou* with him) for
Rosamond Marcus & others.

[1] John L. Newton and John A. Lemos, trustees, and Cape Cod and Islands
Council, Inc., Boy Scouts of America.

[2] Irving K. Taylor, William A. Taylor, Nancy S. Stewart, Joan T. Dunphy,
Ellen Maxtone-Graham, Bankers Trust Company, as executor and trustee
under the will of Irving K. Taylor and as executor and trustee under the
will of Mary Howes Shepley, and the Attorney General of the Commonwealth.

ABRAMS, J.  The plaintiffs brought suit to quiet title to two parcels of land in South Yarmouth. At issue is the title granted to the trustees of the two parcels. The plaintiffs argue that the trustees acquired a fee simple determinable. The defendants argue that the trustees acquired a fee simple absolute. A judge in the Land Court allowed the defendants' motion for summary judgment and held that the conveyance created a charitable trust, the purpose of which had failed, and ordered the trustees to convey the parcels to the heirs. The Appeals Court summarily reversed. *Harrison* v. *Marcus*, 19 Mass. App. Ct. 1103 (1984).[3] We granted further appellate review. We affirm the judgment of the Land Court.

The judge found the following undisputed facts. By deed and declaration of trust dated November 14, 1936, and recorded in the Barnstable County registry of deeds, Irving K. Taylor conveyed in trust a parcel of land on the shore line of James Pond in South Yarmouth to Harold E. Hallett, Fred M. Angus, and Hervey L. Small, for the use of Troop 59, Bass River, Boy Scouts of America. Relevant portions of the deed and declaration of trust are set out in the margin.[4] Taylor died in

---

[3] The Appeals Court issued an unpublished memorandum in which it concluded that the deeds and declarations of trust created an equitable estate in fee simple determinable. The court published the following order: "Judgment reversed. Judgment shall enter instructing the plaintiff trustees to convey to Cape Cod and Islands Council, Inc., Boy Scouts of America, free of trust the two parcels of land held by them in trust. On that occurrence, Cape Cod and Islands Council, Inc., will hold title to the land in fee simple absolute, free of trust and free of any possibility of reverter." 19 Mass. App. Ct. at 1103.

[4] "To have and to hold all and singular the above granted premises unto the said Harold E. Hallett, Fred M. Angus, and Hervey L. Small, and their successors forever, but in Trust NEVERTHELESS, and to and for the purposes herein declared. First To permit and allow Troop 59-Bass River-Boy Scouts of America to enjoy the unrestricted use of the same for Boy Scout purposes so long as said Troop 59 shall continue its organization, and to function as a boy scout troop under the rules, regulations, and practices of similar Boy Scout organizations as now existing and to pay or discharge, all taxes, assessments, betterments and all other levies or liens of like nature levied upon said property, when due and payable. Second In the event of a breach of any of the foregoing conditions, this trust shall terminate and be at an end, and the trustees, or their successors for the time being shall deed and reconvey said aforedescribed real estate free and dis-

New York in 1939 and devised a second parcel of land in South Yarmouth to the same trustees under the same terms and conditions. By deed and declaration of trust dated February 6, 1940, William L. Taylor, as executor of the will of Irving K. Taylor, conveyed the second parcel of land to the trustees "for the purposes declared in and by [the] deed and declaration of trust dated November 14, 1936, and subject to all the same conditions therein set forth, with like effect as though the granted premises had been conveyed to said grantees in and by said deed, all pertinent provisions of which shall be deemed to be herein incorporated and made a part hereof."

Troop 59, Bass River, Boy Scouts of America, is no longer in existence.[5] The trustees and Cape Cod and Islands Council, Inc., successor in interest to Troop 59,[6] brought suit to quiet title to the parcels. The defendants are the heirs of Irving K. Taylor, the executor of Taylor's estate and of the estate of his deceased daughter (the defendants), and the Attorney General. See G. L. c. 12, § 8 (1984 ed.).[7]

The parties agree that Taylor created a charitable trust. The point of controversy is the nature of the estate granted to the trustees, see *Selectmen of Provincetown* v. *Attorney Gen.*, 15 Mass. App. Ct. 639, 643-644 (1983), and the future interest in the heirs. The plaintiffs argue that the trustees took title in

charged of all trust, to the grantor Irving K. Taylor or to his heirs or his or their assigns. The judgment of the trustees or their successors or a majority of them as to the existence of a breach of any said conditions shall be final and conclusive on all parties in interest and a recital thereof in any instrument of reconvenance [*sic*] hereof shall be final and conclusive evidence thereof. Third in the event of the decease, resignation or incapacity of any of the trust[ees] to forthwith nominate and appoint a successor or successors and to record in the Registry of Deeds for the County of Barnstable a statement of said appointment, duly accepted by the appointee or appointees, where-upon the same title, duties and obligations shall vest in said appointee or appointees as though he or they had been originally appointed and named as trustee in this instrument."

[5] The record does not indicate when Troop 59 disbanded.

[6] The Cape Cod and Islands Council, Inc., alleged in its complaint that it is the successor in interest to Troop 59. For purposes of this decision, we assume without deciding that this characterization is proper.

[7] The Attorney General has not participated in this case.

fee simple determinable, which left a possibility of reverter in the heirs. Under G. L. c. 184A, § 3,[8] a fee simple determinable becomes a fee simple absolute if the specified contingency giving rise to the possibility of reverter does not occur within thirty years from the date the fee simple determinable interest becomes possessory. General Laws c. 260, § 31A,[9] bars proceedings on any possibility of reverter created before January 2, 1955, unless a written statement was recorded in the registry of deeds on or before January 1, 1964. Apparently, no such statement was filed with respect to the land in question. The

---

[8] General Laws c. 184A, § 3 (1984 ed.), states: "A fee simple determinable in land or a fee simple in land subject to a right of entry for condition broken shall become a fee simple absolute if the specified contingency does not occur within thirty years from the date when such fee simple determinable or such fee simple subject to a right of entry becomes possessory. If such contingency occurs within said thirty years the succeeding interest, which may be an interest in a person other than the person creating the interest or his heirs, shall become possessory or the right of entry exercisable notwithstanding the rule against perpetuities."

[9] General Laws c. 260, § 31A (1984 ed.), states in part: "No proceeding based upon any right of entry for condition broken or possibility of reverter, to which a fee simple or fee simple determinable in land is subject, created before the second day of January, nineteen hundred and fifty-five, shall be maintained in any court after the first day of January, nineteen hundred and sixty-four, unless on or before the first day of January, nineteen hundred and sixty-four, (a) the condition has been broken or the reverter has occurred, and a person or persons having the right of entry or reverter shall have taken possession of the land, and in case of entry made after January first, nineteen hundred and fifty-seven, shall have filed a certificate of entry pursuant to section nineteen of chapter one hundred and eighty-four, or (b) a person or persons having the right of entry, or who would have it if the condition were broken, or would be entitled if the reverter occurred, or one of them if there be more than one, shall by himself, or by his attorney, agent, guardian, conservator or parent, have filed in the registry of deeds, or in the case of registered land, in the registry of the land court, for the district in which the land is situated, a statement in writing, duly sworn to, describing the land and the nature of the right and the deed or other instrument creating it, and where it may be found if recorded or registered, and, in case of registered land, naming the holder or holders of the outstanding certificate of title and stating the number of said certificate, and, in case of land not registered, naming the person or persons appearing of record to own the fee subject to such right or possibility, or shown by the records of the tax assessors at the last prior assessment date to be the owner or owners thereof."

plaintiffs argue that, based on the provisions of G. L. c. 184A, § 3, and G. L. c. 260, § 31A, Cape Cod and Islands Council, Inc., as the successor in interest to Troop 59, is vested with title in fee simple absolute.

The defendants argue that the trustees originally were vested with title in fee simple absolute, subject to a duty to convey title to the grantor's heirs when the charitable trust terminated. The defendants argue that the trustees held the legal interest, while both Troop 59 and the heirs had equitable interests.

We begin our analysis by considering the nature and quality of the legal estate created by the instruments. *Proprietors of the Church in Brattle Square* v. *Grant*, 3 Gray 142, 146 (1855). In the 1936 deed and declaration of trust,[10] Taylor granted the first parcel to the trustees "[t]o have and to hold all and singular the above granted premises unto the said Harold E. Hallett, Fred M. Angus, and Hervey L. Small, and their successors forever, but in Trust NEVERTHELESS, and to and for the purposes herein declared. First To permit and allow Troop 59-Bass River-Boy Scouts of America to enjoy the unrestricted use of the same for Boy Scout purposes so long as said Troop 59 shall continue its organization, and to function as a boy scout troop under the rules, regulations, and practices of similar Boy Scout organizations as now existing and to pay or discharge, all taxes, assessments, betterments and all other levies or liens of like nature levied upon said property, when due and payable."

As we read the 1936 instrument, the deed portion begins with the description of the property and ends with the sentence of conveyance, "[t]o have and to hold all and singular the above granted premises unto the said Harold E. Hallett, Fred M. Angus, and Hervey L. Small, and their successors forever, but in Trust NEVERTHELESS, and to and for the purposes herein declared." The portion of the instrument following that sentence constitutes the declaration of trust. Under this construction, there is no question but that the deed conveyed the

---

[10] We consider the 1936 conveyance by deed and declaration of trust. None of the parties argue that the 1940 devise ought to be interpreted differently from the 1936 conveyance.

property in fee simple absolute to the trustees. All the terms
and conditions are in the trust instrument. The words of the
deed convey a fee simple absolute. Neither the parties nor the
judge read the instrument as bifurcated. We therefore turn to
the arguments of the parties.

The instrument in question is both a deed and a declaration
of trust. The rules of construction are similar. Trust instruments
must be construed to give effect to the intention of the settlor
as ascertained from the language of the whole instrument con-
sidered in the light of the attendant circumstances. *Groden* v.
*Kelly*, 382 Mass. 333, 335 (1981). Deeds should be so "con-
strued as to give effect to the intent of the parties, unless
inconsistent with some law or repugnant to the terms of the
grant." *Bass River Sav. Bank* v. *Nickerson*, 303 Mass. 332,
334 (1939), and cases cited. When land is conveyed in trust,
the trustees generally take such an estate as is necessary to
enable them to perform the trust. 1 A. Scott, Trusts § 88, at
751 (3d ed. 1967). See *Richardson* v. *Warfield*, 252 Mass.
518, 520 (1925). Under the terms of the trust, the trustees
must hold the land for the use and enjoyment of Troop 59.
The trustees must also decide whether any of the conditions
have been broken, and, if they so decide, then they must
convey title to the heirs.[11] To carry out all these responsibilities,
the trustees needed to hold title in fee simple absolute.

---

[11] The trustees stand in a fiduciary relationship to the beneficiaries, *Briggs*
v. *Crowley*, 352 Mass. 194, 200 (1967), and must carry out the directions
of the settlor as expressed in the terms of the trust. G.G. & G.T. Bogert,
Trusts and Trustees § 541, at 154-155 (1978). Where there are successive
beneficiaries, the trustees "owe[ ] a duty to them to administer the trust
with impartial consideration for the interests of all the beneficiaries." *Id*.
at 156. See *Boston Safe Deposit & Trust Co*. v. *Stone*, 348 Mass. 345,
350 (1965). Taylor clearly intended that the parcels be reconveyed to his
heirs on the breach of any of the conditions, and the trustees are obliged
to protect the heirs' interest. We note that the trustees did not file any
statement in the registry of deeds pursuant to G. L. c. 260, § 31A (note 9,
*supra*). If the trustees believed that they held title in fee simple determinable
which would, under G. L. c. 184A, § 3 (note 8, *supra*), become a fee simple
absolute in Troop 59 and divest the heirs of the possibility of reverter, their
fiduciary duties to the heirs obliged them to save the gift to the heirs by
registering the heirs' interest pursuant to G. L. c. 260, § 31A.

The plaintiffs focus on the words "so long as" and argue that those words indicate that the trustees took title in fee simple determinable. See *Brown* v. *Independent Baptist Church*, 325 Mass. 645, 646 (1950); *Institutions for Sav.* v. *Roxbury Home for Aged Women*, 244 Mass. 583, 586 (1923); *First Universalist Soc'y* v. *Boland*, 155 Mass. 171, 174 (1892). The plaintiffs misconstrue the deed. Typically, the words "so long as" do create a fee simple determinable when used to define the nature of the interest granted. See, e.g., *Brown* v. *Independent Baptist Church, supra*; G.G. & G.T. Bogert, Trusts and Trustees § 419, at 481 (2d ed. rev. 1977); Restatement of Property § 44 comment a, illustration 1 (1936). However, "particular forms of expression standing alone and without resort to the purpose of the instrument in question are not determinative." *Oldfield* v. *Stoeco Homes, Inc.*, 26 N.J. 246, 256 (1958). See *Simonds* v. *Simonds*, 199 Mass. 552, 557 (1908).

Examining the instrument as a whole, we find no intent to grant a fee simple determinable. If Taylor had so intended, he could simply have deeded the parcel to the trustees "so long as Troop 59 exists." Instead, Taylor created an express trust and recorded it. He required the trustees and their successors to record their appointments. He charged the trustees with the responsibility to determine the existence of a breach of conditions and on such determination to convey title to the heirs. By these provisions, Taylor sought to eliminate any uncertainty in the chain of title.[12] Title would always be in the trustees until, in their sole discretion, they determined that the charitable trust had failed, and then the trustees would convey the property

---

[12] It was precisely that uncertainty that led the Legislature in 1954 to adopt G. L. c. 184A, § 3, limiting fees simple determinable to thirty years' duration. See Leach, Perpetuities Legislation, Massachusetts Style, 67 Harv. L. Rev. 1349, 1362-1363 (1954). Our construction of this conveyance as a fee simple absolute takes it outside the scope of § 3. We note, however, that the purposes of § 3 are served here by the settlor's requirement that the trustees' appointments be recorded at the registry of deeds and that they be arbiters of any breach of condition. Thus, the status of title to the property could always be quickly and easily ascertained.

to the heirs.[13] This elaborate mechanism is inconsistent with an estate in fee simple determinable in which a breach of conditions would cause title automatically to revert to the heirs, without any action of the trustees. Thus, we conclude that the trustees took title in fee simple absolute.[14]

---

[13] The conveyance to the heirs is subject to the rule against perpetuities. Under the rule against perpetuities, interests must vest, if at all, within twenty-one years plus the life or lives in being at the time of creation of the interest. G. L. c. 184A, § § 1, 2 (1984 ed.). See *Brown* v. *Independent Baptist Church*, 325 Mass. 645, 646-649 (1950). The judge found that the gift over in this case would not be void under the rule against perpetuities because it was saved under the "second look" doctrine. See *Warner* v. *Whitman*, 353 Mass. 468, 472 (1968). Apart from the argument that the heirs' interest is a possibility of reverter to which G. L. c. 184A, § 3, applies, the plaintiffs do not argue that the judge erred in the application of the "second look" doctrine to the heirs' interest. The judge also considered whether the doctrine of cy-pres should be applied to direct the trust for the general benefit of the Boy Scouts of America. The judge found no general charitable intent by the settlor and declined to apply the doctrine of cy-pres. On appeal the plaintiffs do not challenge this ruling.

[14] The plaintiffs also argue that the words "to the grantor Irving K. Taylor or to his heirs or his or their assigns" were words of limitation — defining the quantum of interest given to the grantee — rather than words of purchase — indicating who is the grantee. We disagree. The plaintiffs' construction would leave open the question who was to receive the interest after the breach of conditions. Moreover, the plaintiffs' argument appears to resurrect the doctrine of worthier title. Under the doctrine of worthier title, "a limitation to an heir in a devise is void, and . . . the heir cannot be a purchaser." *Ellis* v. *Page*, 7 Cush. 161, 163 (1851). See *National Shawmut Bank* v. *Joy*, 315 Mass. 457, 463 (1944). That is, a conveyor cannot "limit a fee simple to his own heirs." C. Moynihan, Real Property 149 (1962). See generally L. Simes & A. Smith, Future Interests c. 46 (2d ed. 1956). The doctrine of worthier title has been abolished in Massachusetts by G. L. c. 184, §§ 33A and 33B (1984 ed.). Section 33B states, "When any interest in real or personal property is limited, in an otherwise effective inter vivos conveyance, in form or in effect, to the heirs or next of kin of the conveyor, which conveyance creates one or more prior interests in favor of a person or persons in existence, such interest that the conveyance purports to create operates in favor of such heirs or next of kin by purchase and not by descent." The plaintiffs' argument that the grant to the heirs should be construed as words of limitation rather than words of purchase amounts to an argument that the heirs should take by descent a possibility of reverter rather than take by purchase a gift over. Section 33B precludes such a construction.

Finally, if the trustees had acquired title in fee simple determinable, that would not compel the conclusion that Cape Cod and Islands Council, Inc., of the Boy Scouts now is entitled to the property. As we read G. L. c. 184A, § 3, title in fee simple absolute would vest in the original grantees of the fee simple determinable — the trustees. The trustees, of course, must carry out the intent of the settlor of the trust. See note 11, *supra*. A statute cannot extinguish the terms of a trust. General Laws c. 184A, § 3, does not purport to do so. Thus, when Troop 59 ceased to exist, the trustees as holders of a fee simple absolute by virtue of § 3 would have been obliged to convey the property to Taylor's heirs.

*Judgment of the Land*
*Court affirmed.*