EDYTHE F. VENTURA & others[1] vs. JOSEPH VENTURA & another.[2]

Middlesex. December 5, 1989. - June 20, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Trust*, What constitutes, Construction, Trustee's discretion, Termination.

A trust instrument sufficiently manifested the settlor's intention to create a
    trust, where the instrument identified the res, the duration, the benefi-
    ciaries, and the powers and duties of the trustee, and where, in the
    circumstances, the settlor's support obligations to his family provided a
    sufficiently ascertainable standard for the exercise of the trustee's dis-
    cretion in determining the extent of the beneficiaries' interest in the
    trust. [727-730]
Where the instrument creating a certain irrevocable trust did not address
    the disposition of trust property remaining at the expiration of the
    trust's twenty-year term, a judge properly concluded that a resulting
    trust with regard to such property arose in favor of the settlor's estate.
    [730]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 8, 1987.

CIVIL ACTION commenced in the Middlesex Division of the
Probate and Family Court Department on February 9, 1988.

The cases were consolidated for trial in the Probate and
Family Court Department. A motion for partial judgment on
the pleadings was heard by *Robert J. Hallisey*, J., sitting
under statutory authority, and a question of law was reported
by him to the Appeals Court. The Supreme Judicial Court
transferred the case on its own initiative.

*Marcus E. Cohn* (*Beth A. O'Neill* with him) for Edythe F.
Ventura.

[1]Bernard Bradley, Susan Ventura, and Diana Ventura.
[2]Paul Ventura.

*Richard J. Plouffe*, for Bernard Bradley & others, joined in a brief.

*Judy A.S. Metcalf & Nelson P. Lovins*, for Joseph Ventura & another, submitted a brief.

LIACOS, C.J. On March 6, 1967, Joseph V. Ventura executed a document entitled "Declaration of Trust of the J.V. Realty Trust" (trust instrument), which purported to hold in trust certain real estate for a term of twenty years. The document appointed Joseph V. Ventura as the sole trustee, and named as beneficiaries his future wife, Edythe F. Ventura, her son, Bernard Bradley, and his children, Joseph Ventura, Susan Ventura, Paul Ventura, and Diana Ventura. Joseph V. Ventura died testate on January 14, 1983. Edythe Ventura was appointed executrix of Ventura's estate and is the sole legatee under his will. Pursuant to the provisions of the trust instrument the Probate Court appointed Edythe Ventura successor trustee of the J.V. Realty Trust.

On July 8, 1987, Joseph and Paul Ventura (appellees) brought suit in Superior Court against their mother, Edythe F. Ventura, alleging, inter alia, that she had fraudulently conveyed certain property of the trust and that she had breached her fiduciary duty as trustee by failing to distribute trust assets and by failing to render an accounting. On February 9, 1988, Edythe Ventura, Bernard Bradley, Susan Ventura, and Diana Ventura (appellants) filed a complaint in the Probate Court seeking a declaration that: (1) the trust instrument was insufficient as matter of law to create a valid trust, and (2) any conveyances of trust property carried out by Edythe Ventura were consistent with her duties to dispose of the property under the law.

Both of these actions were assigned by the Chief Administrative Justice to be heard by a judge of the Superior Court who was designated to sit simultaneously as judge of the Superior Court and of the Probate and Family Court Departments. On April 22, 1988, the appellants filed a motion in the Superior Court for partial judgment on the pleadings seeking a determination that the trust was invalid and that a resulting trust arose in favor of the settlor, Joseph V. Ven-

tura, and his successor in interest, Edythe F. Ventura. Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974). In response to appellants' motion, the judge ruled that the trust instrument created a "valid inter vivos discretionary trust." He also found that the settlor "apparently . . . did not anticipate that at the end of the twenty year term of the trust the trust res would not be exhausted," and held that a resulting trust in favor of the settlor's estate arose regarding remaining trust property. He reported his decision to the Appeals Court. We took the case on our own motion.

Our review is limited to two issues. First, we must determine whether the trust instrument created a valid trust. Second, we must declare the proper disposition of any of the property described in the trust instrument which remains unexhausted, regardless of our determination as to the validity of the trust.

1. *Validity of the trust.* The appellants claim that the trust instrument fails to describe the nature and extent of the beneficiaries' interest in the trust property with sufficient certainty. The trust must fail, they argue, because this lack of certainty invested the trustee with unbridled discretion to ignore the interests of the beneficiaries and thereby failed to satisfy the requirement that a trust create for its beneficiaries equitable rights in the trust property. We disagree.

"Whether a trust is created depends primarily upon the manifestation by the [settlor] of an intention to create a trust." *Russell* v. *Myers,* 316 Mass. 669, 672 (1944). In order for a trust to be valid in the Commonwealth, it must "unequivocally show an intention that the legal estate be vested in one person to be held in some manner or for some purpose on behalf of another." *Cooney* v. *Montana,* 347 Mass. 29, 35 (1964). In the case of an express trust, such as is alleged in the present case, this intention to separate legal and equitable control over particular property should be "ascertained from the language of the whole [trust] instrument considered in the light of the attendant circumstances." *Harrison* v. *Marcus,* 396 Mass. 424, 429 (1985).

The trust instrument declares that the settlor, Joseph V. Ventura, holds title to several parcels of real estate as the sole trustee of the J.V. Realty Trust, and that he holds the real estate "upon the following trusts and with the following powers." The trust instrument states that the trustee, in order to "hold, manage and improve" all property subject to the trust, may sell, lease, convey and mortgage any and all property held by the trust. The trustee is also given the authority to enter into contracts regarding trust property, and to hire officers for the transaction of the business of the trust. In the case of the trustee's death, incapacity, or resignation, the trust instrument allows the appointment of a successor trustee by any court of competent jurisdiction. By the terms of the trust instrument, the trust is irrevocable, and will terminate after twenty years. However, the trust instrument entitles the trustee to exercise his authority as trustee even after the termination of the trust if necessary to wind up the affairs of the trust.

The trust instrument identifies the beneficiaries of the trust as "Edythe F. Ventura, wife of said trustee, Bernard Bradley, the son of the wife of said Joseph V. Ventura, Joseph V. Ventura, Jr., son of said trustee, Susan Ventura, daughter of said trustee, Paul Ventura, son of said trustee and Diana Ventura, daughter of said trustee." At the time the trust instrument was signed, all of the children of Joseph V. Ventura and Edythe F. Ventura were minors. The trust instrument entitles the beneficiaries to such income of the trust estate as the trustee shall declare "at such times as he deems meet and proper." The trustee's decision as to the amount of distributions of income is final. If any beneficiary dies during the term of the trust, then the "executors, administrators or assigns" of that beneficiary will succeed to all of his or her rights in the trust.

We are of opinion that the settlor, through the language of the trust instrument, has sufficiently manifested "an intention to create a trust." *Russell* v. *Meyers, supra* at 672. The trust instrument clearly defines the res of the trust, the duration of the trust, the beneficiaries of the trust, the powers of

the trustee over trust property and the trustee's duties in relation to the trust. The appellants, however, argue that, irrespective of the settlor's intention to create a trust, no legal trust was actually created because the trust instrument allows the trustee uncontrolled discretion in determining the extent of the beneficiaries' interest in the trust. The appellees respond that the trustee's discretion regarding the beneficiaries' interest is limited by the fiduciary obligations inherent in a trustee-beneficiary relationship. They claim that the trustee's discretion is not absolute because the trustee's fiduciary duty provides boundaries outside of which the trustee's discretion may not stray.

This court has recognized that "even very broad discretionary powers are to be exercised in accordance with fiduciary standards and with reasonable regard for usual fiduciary principles." *Old Colony Trust Co.* v. *Silliman*, 352 Mass. 6, 10 (1967). We have stated that "[a] fair reading of the whole of most trust instruments will reveal a 'judicially enforceable, external, and ascertainable standard' for the exercise of even broadly expressed fiduciary powers." *Boston Safe Deposit & Trust Co.* v. *Stone*, 348 Mass. 345, 351 n.8 (1965), quoting *United States* v. *Powell*, 307 F.2d 821, 826 (10th Cir. 1962). Accordingly, this court has upheld trusts which invest a trustee with broad discretionary powers where some recognizable standard is provided for the exercise of the trustee's discretion. See, e.g. *Briggs* v. *Crowley*, 352 Mass. 194, 201 (1967) (applicable standard for the exercise of trustee's discretion contained in the phrase "to provide for the necessaries and comfort of the persons named herein"); *Dana* v. *Gring*, 374 Mass. 109, 116 (1977) (ascertainable standard governing trustee discretion found in the phrase "necessary or desirable for the purpose of contributing to the reasonable welfare or happiness of . . . [his] daughter or of her immediate family").

In the present case, we are confronted with a poorly drafted trust instrument which, standing alone, arguably fails to invest the beneficiaries with an equitable interest in the trust. However, when we consider the "attendant circum-

stances" involved in this case, *Harrison* v. *Marcus, supra* at 429, we conclude that a sufficiently "ascertainable" standard for the determination of the beneficiaries' interest exists to uphold the validity of the trust. *Boston Safe Deposit & Trust Co.* v. *Stone, supra* at 351 n.8.

Through the trust instrument, Joseph V. Ventura allowed for the distribution of trust income to six beneficiaries, all of whom were members of his family. The trust instrument specifically described the relationship between each beneficiary and the settlor. Five of the six beneficiaries were the minor children of either Joseph V. Ventura or his wife Edythe, the sixth beneficiary. Because the trust instrument failed to provide for the possibility of future, additional beneficiaries, and the trust was irrevocable, any income distributed from the trust during the twenty years of its existence could issue only to a member of the Ventura family.

In the Commonwealth, parents of minor children have a legally enforceable obligation to provide sufficient support for their family. See *Broman* v. *Byrne*, 322 Mass. 578, 580 (1948) (at common law a father is bound to support his minor children if he is able); G. L. c. 273, § 1 (1988 ed.) ("[a] spouse or parent shall be guilty of a misdemeanor . . . if . . . he abandons his spouse or minor child without making reasonable provisions for [the child's] support"). This obligation finds its source not only in the law, but also in the realm of community morality. "[F]amily support obligations are deeply rooted moral responsibilities." *Rose* v. *Rose*, 481 U.S. 619, 632 (1987). A breach of a duty to support one's family is "a crime against society." *Commonwealth* v. *Brasher*, 359 Mass. 550, 556-557 (1971).

As the father of minor children, Joseph V. Ventura was subject to this obligation of support. The trust instrument, created for the sole benefit of members of Joseph V. Ventura's family, represented a method by which he could protect his family's right to support. As such, the trust instrument implicitly required the trustee to exercise his discretion in declaring distributions of trust income in accordance with the settlor's obligation of support. We conclude that, in the

unique circumstances of this case, a sufficiently ascertainable standard has been provided for the exercise of the trustee's discretion. The trust is valid.

2. *Disposition of remaining property.* The trust instrument does not address the disposition of the trust property at the termination of the twenty-year trust term.[3] When a trust instrument addresses only the transfer of income, and makes no provision for the principal, the disposition of the principal must be determined, if at all possible, from the intent of the settlor. *Goodwin* v. *New England Trust Co.*, 321 Mass. 502, 504 (1947). Accordingly, we agree with the judge that a resulting trust arose in favor of the settlor's estate regarding any remaining trust property, *Woodbury* v. *Hayden*, 211 Mass. 202, 206 (1912). *McElroy* v. *McElroy*, 113 Mass. 509, 511 (1873).

We affirm the judgment, and remand for proceedings consistent with this opinion.

*So ordered.*

---

[3]The appellees argue that the trust instrument requires the trustee to "transfer" the trust property to the beneficiaries at the expiration of the term of the trust. In their brief to this court, the appellees quote the trust instrument as stating that "[t]he Trustee shall . . . perform any duty and any and all acts necessary to terminate this trust and transfer the trust property . . . ." Appellees' counsel has omitted a crucial phrase. The relevant passage states in full that "[t]he Trustee *shall have authority* after the termination of this trust to perform any duty and any and all acts necessary to terminate this trust and transfer the trust property, and to correct and cure any defects in or to the title of the whole or any part of the trust estate which may have arisen or happened during the life of this trust" (emphasis added). When this section is read in its entirety, it becomes clear that no division of trust property among the beneficiaries is required; the document merely grants the trustee the authority to "wind up" the affairs of the trust after the end of the twenty-year term.