NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-282                                        Appeals Court


        DEAVEN A. SKYE  vs.  LISA A. HESSION & others.[1]


                        No. 16-P-282.

        Worcester.      November 18, 2016. - April 28, 2017.

             Present:  Vuono, Kinder, & Lemire, JJ.



Deed, Condition, Construction.  Real Property, Conveyance, Deed,
     Life estate, Remainder interests.  Power of
     Appointment.  Devise and Legacy, Power of appointment,
     Remainder interests.  Will, Power of appointment.




     Complaint filed in the Worcester Division of the Probate
and Family Court Department on December 21, 2010.

     The case was heard by Lucille A. DiLeo, J.


     Robert P. Ford for the plaintiff.
     Francis X. Small for the defendants.


     VUONO, J.  This appeal concerns the validity of a provision

in a quitclaim deed that reserved to the grantor, Margaret A.

Hession, a special power of appointment over her home (the

property).  Margaret executed such a deed in which she granted

_____

     [1] Ronald G. Stewart and Melanie J. Hession.

the property, in equal shares, to her three daughters and son-in-law:  the plaintiff, Deaven A. Skye; her sisters, Melanie J. Hession and Lisa A. Hession, and Lisa's husband, Ronald G. Stewart.[2,3]  Margaret later exercised the special power of appointment to reduce Skye's interest in the property to the advantage of the others.  Upon Margaret's death, Skye brought an action seeking a declaration that the deed's special power of appointment was invalid.  A judge of the Probate and Family Court upheld the validity of the reservation, and this appeal ensued.  For the reasons set forth, we affirm.

Background.  The following facts are not in dispute.  In late 2005, Margaret was seventy-seven years old and in declining health.  Concerned about her potential need for long-term medical care, she sought legal assistance to plan her estate to protect her home from certain "spend-down" or lien provisions of MassHealth, the Massachusetts Medicaid program.  In some situations, MassHealth considers assets transferred during a "look-back" period for disqualification purposes, and the period was soon to be enlarged from three years to five.  See 130 Code Mass. Regs. § 520.019(B) (2006) (look-back period thirty-six

---

[2] To avoid confusion, we use first names for Margaret, Lisa, and Melanie, who share the same surname.

[3] Specifically, the deed granted an undivided one-third interest to Lisa and Stewart, and an undivided two-thirds interest to Skye and Melanie.

months for transfers prior to February 8, 2006; look-back period sixty months for transfers on or after February 8, 2006). As part of a strategy to avoid or to minimize the impact of this change, Margaret executed the deed on January 2, 2006, transferring the property to Skye, Melanie, Lisa, and Stewart. The deed reserved to Margaret a life estate and a special power of appointment, exercisable by deed or by will, that would permit Margaret to appoint the property to any person except herself, her creditors, her estate, or her estate's creditors. The relevant provision of the deed states:

> "The Grantor also <u>reserves</u> the power to appoint, in whole or in part, the property herein conveyed to any person or persons in such proportions, outright or upon such trusts, terms, and conditions as the Grantor may specify by deed recorded at the appropriate registry of deeds, or by will or codicil thereto making express reference to this power. The Grantor may not appoint the said property to the Grantor, the Grantor's creditors, the Grantor's estate or the creditors of the Grantor's estate."

On October 8, 2008, Margaret executed a last will and testament. At that time, Margaret had decided that her daughters should take her estate in unequal shares and, consistent with this intent, she included in the will an exercise of the special power of appointment, reducing Skye's interest in the property from one-third to five percent.

Margaret died on March 17, 2009. Lisa, acting in her capacity as executrix of the estate presented the will for probate on April 6, 2009. Skye filed an objection to the

probate of the will and then filed a complaint in equity seeking a declaratory judgment that the deed's reservation of appointment was void ab initio. For hearing purposes only, the equity action was consolidated with the will contest and another matter not relevant here. A trial was held in April, 2014, which resulted in a judgment against Skye upholding the reservation of appointment in the deed as valid.[4] Subsequently, the judge ordered the dismissal of Skye's objections and the admission of the will to probate. Skye has appealed.

Discussion. The dispute in this case concerns the interpretation of Margaret's deed, and specifically, the validity of a reservation of a power of appointment. The interpretation of a deed presents a question of law, which we review de novo. See World Species List -- Natural Features Registry Inst. v. Reading, 75 Mass. App. Ct. 302, 305 (2009).

"Deeds should be 'construed as to give effect to the intent of the parties, unless inconsistent with some law or repugnant to the terms of the grant.'" Commercial Wharf E. Condominium

---

[4] The judge wrote, "After hearing all the credible evidence, it is the opinion of this Court that the reservation of appointment in the deed from Margaret A. Hession to Lisa A. Hession and Ronald G. Stewart as tenants by the entirety, having an undivided one-third interest as tenants in common; and Deaven A. Skye and Melanie J. Hession, as joint tenants, together having an undivided two-thirds interest as tenants in common in the Quitclaim Deed for the real estate located at 199 Hopedale Street, Hopedale, MA recorded at the Worcester District Registry of Deeds Book 38262, Page 60 recorded on January 24, 2006 is a valid reservation."

Assn. v. Waterfront Parking Corp., 407 Mass. 123, 131 (1990)

(Commercial Wharf), quoting from Harrison v. Marcus, 396 Mass.

424, 429 (1985). The parties agree that Margaret's intent was

two-fold: first, she sought to divest herself of any interest

in the property except for her life estate[5] to avoid or to

minimize the anticipated changes to MassHealth look-back

regulations; second, she sought to retain the ability to alter

who would ultimately take the property upon her death.[6] The deed

was drafted to achieve both purposes. It conveyed the property

to the parties, thereby divesting Margaret of a fee simple

absolute but, in the course of doing so, it reserved to Margaret

a life estate and a special power of appointment, i.e., a power

to transfer or to dispose of property no longer owned by her.

See Matter of the Estate of Rosen, 86 Mass. App. Ct. 793, 799

(2014).

We acknowledge the existence of some apparent tension

between the grant of the remainder interests and the reservation

of the power. The former granted the parties a present

---

[5] A power of appointment is not, in itself, a legal interest in property. See Matter of the Estate of Rosen, 86 Mass. App. Ct. 793, 799 (2014). See also Davis v. Scavone, 149 Me. 189, 192 (1953); Munger v. Munger, 298 S.W. 470, 473-474 (Tex. App. 1927).

[6] We express no view on the effect of the reserved power of appointment on Margaret's strategy of avoiding MassHealth look-back period regulations.

ownership interest,[7] but the latter permitted Margaret to effectively terminate or alter those interests by exercise of the special power of appointment.  Skye argues that the reservation of the power is void because the provisions of the deed are not merely in tension, but irreconcilably repugnant to one another.

Though our primary objective is to give meaning to a grantor's intent, see Commercial Wharf, supra, we are unable to do so where the intent contravenes law or is repugnant to the terms of the grant.  See Bass River Sav. Bank v. Nickerson, 303 Mass. 332, 334 (1939); Harrison, 396 Mass. at 429; Commercial Wharf, supra.  Repugnancy may exist not only between a party's intent and the terms of the grant, but within the instrument itself:  where two provisions in a deed are irreconcilably repugnant to one another, "one or the other must yield."  Proprietors of Canal Bridge v. Methodist Religious Soc. in Cambridge, 13 Met. 335, 352 (1847).  Thus, where a deed grants property subject to two conditions, and fulfillment of either condition would necessarily result in breach of the other, the conditions are repugnant to one another and one of

---

[7] The remaindermen received a present conditional ownership interest notwithstanding that their right to present possession was postponed until the termination of the prior estate.  See Dodge v. Bennett, 215 Mass. 545, 546-547 (1913); Restatement (Third) of Property:  Wills and Other Donative Transfers § 25.1 & comment a (2011).

them must fail.  Id. at 351-352.  Similarly, where a grant is followed by a subsequent term that would "restrain or diminish what is expressly granted," that subsequent term is void.  Cutler v. Tufts, 3 Pick. 272, 278 (1825).  However, application of this doctrine is to be avoided if possible:  if "both parts of a deed may well stand together consistently with the rules of law, they shall be construed to have that effect, rather than be held repugnant."  Corbin v. Healy, 20 Pick. 514, 515 (1838).

In this case, the grant of the remainder interests and the reservation of the power are not repugnant to one another because the remainder interests granted were not in the nature of fees simple absolute.  Had the deed merely reserved to Margaret a life estate, this, of course, would have been the case.  Here, the additional reservation of the power of appointment resulted in a grant of a lesser estate.  "[U]nder common law, a property owner has the right to impose limitations or conditions on an estate that is conveyed to another, such that the conveyance is not one of fee simple absolute."  Queler v. Skowron, 438 Mass. 304, 310 (2002), citing Gray v. Blanchard, 8 Pick. 284, 288-290 (1829).  This is precisely what Margaret did.  She did not convey the entirety of the remainder and, subsequently, attempt to claim a power of appointment over an already-conveyed interest.  Rather, the interests, as conveyed,

were circumscribed by the reserved power of appointment.[8]  The remainder interests were therefore in the nature of fees simple defeasible.[9]

Conclusion.  Because of the reservation of the life estate, the deed conveyed not present possessory estates but rather remainder interests; and, because of the reservation of the power, the remainder interests were defined, in part, by this limitation, and they were in the nature of fees simple defeasible.  The reservation of the power of appointment may stand consistently with the other provisions of the deed, and the probate judge properly gave effect to that provision and to Margaret's intent.[10]

Judgment affirmed.

---

[8] It is irrelevant that the instrument first conveyed the property, then reserved the life estate, and then reserved the power.  We do not blindly adhere to a formalistic requirement that Margaret first convey to herself the life estate and power and, only after, in a final paragraph, convey the remainder interests.  It is sufficient that the three terms -- the grant, the reservation of the life estate, and the reservation of the power -- occurred in the same instrument.  See Queler, supra at 313 (developers submitting land to condominium statute, but wishing also to retain interest, need not first file separate instrument reserving interest; such interest may be reserved in same master deed instrument used to submit land to statute).

[9] We decline to address the more esoteric question of the precise type of defeasible fee, i.e., whether the remainders were in the nature of fees simple determinable or fees simple subject to a condition subsequent.  See generally Queler, supra at 310.

[10] We deny the parties' requests for appellate attorney's fees.