The defendants appeal from a judgment of the Superior Court, entered after hearing on the parties' cross motions for summary judgment, declaring that the plaintiff Cape Cod & Islands Council, Inc., Boy Scouts of America, Inc. (council), holds title, as trustee, to a certain 100-acre camp on Nantucket known as Camp Richard (camp), subject to the conditions of an implied charitable trust.
On appeal, the parties do not dispute the judge's determination that the 1955, 1971, and 1972 deeds[3] evidenced a clear intent to convey the camp subject to a charitable trust encompassing the duty to reconvey the property to the defendant Nantucket Civic League, Inc. (NCL), if the land is no longer used "as a campsite for the scouts on Nantucket." See Harrison v. Marcus, 396 Mass. 424, 432 (1985) ; Cohen v. Lynn, 33 Mass. App. Ct. 271, 275 (1992). However, the defendants claim error in the judge's decision to appoint the council as trustee instead of the Nantucket District Committee (NDC) (or the Camp Richard Campers Association, Inc. [CRCA], as successor trustee), which the judge acknowledged was the clear intent of the NCL as grantor in the relevant deeds.
The judge found that, at the time of the relevant conveyances, the defendant NDC was an unincorporated association with unascertainable membership such that it was incapable of holding title to the camp, and concluded that the council, as the incorporated parent organization affiliated with the Boy Scouts of America, was the most suitable trustee. See Pritchard v. Attorney Gen., 77 Mass. App. Ct. 494, 497 n.5 (2010), quoting from Prudential Ins. Co. v. New York Guild for the Jewish Blind, 252 A.D. 493, 495 (1937) ("[A]s courts of other States have held, '[w]here a gift is made for charitable purposes to an organization which, though it is unincorporated, is a branch or subsidiary of a corporation, the courts have held the gift effective by awarding it to the corporation to be held by it in trust for the purposes of the gift' "). In so doing, however, the judge resolved a question that had not been raised by any party, and without affording the parties an opportunity to present evidence bearing on the question of the appropriate trustee. That was error.
While it is well settled that an unincorporated association generally is not qualified to take real estate as a grantee, Byam v. Bickford, 140 Mass. 31, 32 (1885), when the members of such an association are ascertainable at the time of the conveyance they are "tenants in common of the land conveyed" in whom title may vest. Ibid. Separate from the question of association membership at the time of the conveyance is the question of any changes in membership subsequent to the deed. Id. at 33. The record is devoid of evidence addressing those questions, however, principally because the question of who or what might be the most appropriate trustee of the implied trust advocated by the defendants was never raised by any party and was instead developed by the judge following presentation of the parties' cross motions for summary judgment. While the theory reflects both sophistication and legal soundness, its development independent of the parties' participation deprived the defendants of the opportunity to present evidence that the NDC membership at the time of the conveyances was ascertainable, that the NDC had a method of succession for trustees, or that the conditions of the trust regarding succession of trustees should be implied to effectuate the intent of the grantor in conveying the camp. Similarly, the defendants were unable to present arguments concerning the CRCA's suitability as a successor trustee to the NDC.[4] Moreover, even though the judge's ultimate determination favored the council, the decision likewise deprived it of any opportunity to meet that evidence or to present evidence (or argument) of its own directed to the question of the most suitable trustee.
Paragraphs 2, 3, and 4 of the corrected judgment are vacated, and the case is remanded for further proceedings consistent with this decision. Paragraph 1 of the corrected judgment is affirmed.
So ordered.
Affirmed in part; vacated in part and remanded.

We adopt the referential nomenclature employed by the motion judge in his thorough and thoughtful memorandum of decision.

The judge rejected the CRCA as a successor trustee for the sole reason that it had no affiliation with the national Boy Scouts organization. However, the matter of the CRCA's affiliation, or lack thereof, with the Boy Scouts has no dispositive bearing on its ability to be appointed trustee. See Harrison v. Marcus, 396 Mass. at 425 n.4 (land validly held in trust for use by Boy Scouts by three private individuals unaffiliated with Boy Scouts).